Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER, an individual, <br><br> Plaintiff, <br><br> v. <br><br> 1310 PCH LLC, a California limited liability company; and DOES 1-10, <br><br> Defendants. | Case No.:  2:20-cv-10751-GW-GJS <br><br> Judge:            Hon. George H. Wu <br> Magistrate Judge: Hon. Gail J. Standish <br><br> **PLAINTIFF'S FIRST *EX PARTE* APPLICATION TO ENFORCE SUBPOENA AND FOR SANCTIONS** <br><br> **OPPOSED** |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on June 25, 2021, or as soon thereafter as the matter may be heard by video or telephonic conference, Plaintiff James Shayler ("Plaintiff") respectfully moves for an order to enforce the Subpoena to Permit Inspection of Premises in a Civil Action, specifically by allowing Plaintiff's Certified Access Specialist (CASp) to access the interior of the premises at issue in this case, and for monetary sanctions against Defendant and its counsel in the amount of $2,336.

There is good cause to grant Plaintiff's application. Plaintiff served a Subpoena to Permit Inspection of Premises in a Civil Action so that his CASp inspector may access the entirety of the premises, including the interior, on June 29, 2021. The discovery deadline falls on July 1, 2021. Plaintiff was only just advised on June 22, 2021 that the business that operated in the property owned by Defendant, 1310 PCH, LLC ("Defendant") may have closed and vacated the premises. Plaintiff simply requests that his inspector be allowed to access the interior of the premises, pursuant to the Subpoena, to evaluate the veracity of this information and, if the business has not closed, seek remediation of additional barriers found pursuant to *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008).

This basic information is clearly discoverable, and there is no basis for Defendant to refuse to allow Plaintiff's CASp inspector inside the premises. Thus, Plaintiff also seeks sanctions for the unnecessary resources spent discussing and preparing this *Ex Parte* Application.

This application is based on the accompanying Declaration of Anoush Hakimi, the accompanying exhibits, the Memorandum of Points and Authorities, all pleadings in this case, and any arguments that may be presented at the hearing.

Pursuant to Local Rule 7-19.1, this application is made following Plaintiff's counsel's attempt to advise Defendant's counsel orally of this *Ex Parte* Application. *See* Declaration of Anoush Hakimi ("Hakimi Decl.") at ¶ 2; Exh. 1. Plaintiff's counsel advised Defendant's counsel by e-mail at 3:53 p.m. on June 24, 2021 that on the following day, Plaintiff would be moving *ex parte* to enforce the subpoena, and that a few minutes ago he called Defendant's counsel's office and left a voicemail advising same, and also spoke to Defendant's counsel's paralegal and advised her of same. Hakimi Decl. at ¶ 3; Exh. 1. Plaintiff's counsel and Defendant's counsel then continued to confer by e-mail regarding the *Ex Parte* Application. Hakimi Decl. at ¶ 4; Exh. 1. It is believed that Defendant will oppose this *Ex Parte* Application. *Id.* at ¶ 5; Exh. 1.

This application was served on Defendant's counsel on June 25, 2021. Defendant's counsel is Jeffrey Bogert, of Law Office of Jeffrey C. Bogert, located at 827 Moraga Avenue, Los Angeles, CA 90049, telephone number (424) 293-2272, e-mail bogertlaw@outlook.com.

Dated: June 25, 2021        THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: */s/ Anoush Hakimi*
ANOUSH HAKIMI, ESQ.
Attorney for Plaintiff James Shayler

# MEMORANDUM

## I. INTRODUCTION

Plaintiff, James Shayler ("Plaintiff") brought a disability access case in connection with difficulty he faced when visiting Beach Cities Cleaners, located at 1312 Pacific Coast Highway, Hermosa Beach, California 90254 (the "Property"). During the course of discovery, Plaintiff served a routine subpoena for a land inspection on Beach Cities Cleaners, so that his Certified Access Specialist ("CASp") inspector could assess the entirety of the Property on June 29, 2021. Plaintiff would seek to remediate any additional violations found at the Property by his CASp inspector, consistent with well-established case law in the Ninth Circuit. Although the subpoena was served without issue at the (open) business on June 16, 2021, Plaintiff was subsequently advised that the business closed and permanently left the space. Plaintiff learned this information just seven (7) days before the inspection, and just nine (9) days before the discovery deadline.

When Plaintiff requested that Defendant facilitate access to the interior of the business in the event that it had closed, Defendant refused, and instead indicated that it would seek dismissal of the federal claims on mootness grounds. Thus, it is vital for Plaintiff to access the interior of the Property to assess whether in fact the business has permanently closed, which is a key component to the

federal claim. There is no prejudice to Defendant; its attorney planned to attend the inspection regardless, and can easily facilitate access. Moreover, if Defendant believes any violations found inside the business are not relevant, it can move accordingly. Finally, Plaintiff seeks sanctions for Defendant's refusal to honor a properly served and duly noticed subpoena for a land inspection; specifically, for the costs involved in preparing this *Ex Parte* Application.

## II.   FACTUAL BACKGROUND

Plaintiff, a disabled individual, faced assorted barriers at Beach Cities Cleaners. *See* ECF No. 17, First Amended Complaint ("FAC"). Defendant, 1310 PCH LLC, owned/owns the Property. ECF No. 18, Answer to FAC, ¶ 2. In the First Amended Complaint, Plaintiff pled, "these barriers to access are described herein without prejudice to Plaintiff citing additional barriers to access after further inspection by Plaintiff's agents and/or experts. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to his or her disability removed, regardless of whether he or she personally encountered them)." *Id.* at ¶ 31.

In this case, the Court issued a Scheduling Order setting July 1, 2021 as the discovery deadline. ECF No. 15. On June 16, 2021, Plaintiff served a Subpoena to

Permit Inspection of Premises in a Civil Action (the "Subpoena") on Mike Azizi, authorized to accept service, at 1312 Pacific Coast Highway, Hermosa Beach, California 90254. Hakimi Decl. ¶ 6; Exh. 1. A copy of the Subpoena was also served electronically on Defendant's counsel on June 14, 2021, who responded, "this is fine, I'll be there…." Hakimi Decl. ¶ 7; Exh. 3.

On June 22, 2021, counsel for tenant Beach Cities Cleaners (who is not a party to this action) notified Plaintiff's counsel that Beach Cities Cleaners had vacated the premises, and thought that the landlord locked the premises. Hakimi Decl. ¶ 8. When counsel for Plaintiff contacted counsel for Defendant to confirm that access would be provided to both the inside and outside of the Property pursuant to the Subpoena, even if Beach Cities Cleaners was no longer there, counsel for Defendant refused to cooperate and open the interior of the premises. Hakimi Decl. ¶ 9; Exh. 1. Without accessing the interior of the premises, Plaintiff cannot confirm if, in fact, the Beach Cities Cleaners has permanently vacated the premises. Hakimi Decl. ¶ 10. If Beach Cities Cleaners is not permanently closed, Plaintiff would seek to remedy any interior violations relevant to his disability pursuant to *Doran, supra.* Hakimi Decl. ¶ 11.

### III.   ARGUMENT

    **a.  The Inspection of the Inside of the Property is Relevant**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering…the parties' relative access to relevant information…the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

In this case, the relevant information (i.e., confirmation that the business is closed) is not accessible by Plaintiff without accessing the interior of the Property. Although Plaintiff was advised by counsel for Beach Cities Cleaners that they had vacated the premises, Plaintiff must independently confirm that there is no "sham closure" to avoid liability. Hakimi Decl. ¶ 12.

Further, whether the business is permanently closed is vital to resolving the issues in this case. Defendant indicated that it would use the closure of Beach Cities Cleaners to argue that Plaintiff's federal claim is moot. Hakimi Decl. ¶ 13; Exh. 1. Thus, a full site inspection, including the interior, is certainly relevant to the federal claim in Plaintiff's case.

**b. The Inspection Will Not Prejudice Defendant in Any Way, but Plaintiff Will Face Significant Prejudice Without the Inspection**

There is no burden or expense that will be incurred by Defendant if Plaintiff is allowed to inspect the interior. *See* Fed. R. Civ. P. 26(b)(1). Defendant's counsel

always planned to attend the inspection, thus there are no extra attorneys' fees that Defendant would incur. Hakimi Decl. ¶ 7. If the Property is indeed locked, there is no extra cost for Defendant to supply its attorney with the key, and for the attorney to facilitate access to the interior. If Plaintiff's inspector makes findings regarding the interior that Defendant feels are not relevant to this action, Defendant can always challenge those findings as inadmissible.

On the other hand, if Plaintiff simply accepts the representations of others that Beach Cities Cleaners has permanently vacated the premises, he has effectively surrendered his ability to litigate his federal claim. It is imperative that Plaintiff's inspector access the inside to evaluate the veracity of this information.

Further, if it is apparent that Beach Cities Cleaners has not permanently vacated the premises, Plaintiff may conduct discovery to ascertain all relevant barriers pursuant to *Doran*, 524 F.3d at 1043-1044 (Holding, "We therefore hold that where a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one statutory violation…he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim."). *See also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011). The Ninth Circuit has shown that it clearly disfavors "piecemeal litigation." *Doran*, 524 F.3d at 1047.

Here, Plaintiff would accordingly seek the remediation of all barriers relevant to his disability.

### c. *Ex Parte* Relief is Necessary Given the Case Deadlines

In this case, there is a discovery deadline of July 1, 2021. ECF No. 15. The Subpoena set the land inspection date for June 29, 2021. Hakimi Decl. ¶ 6; Exh. 2. Plaintiff only just learned that Beach Cities Cleaners may have vacated the premises on June 22, 2021. Hakimi Decl. ¶ 8. Since learning this information, Plaintiff has attempted to resolve the issue with Defendant, but unfortunately, Defendant will not agree to facilitate access to the entire property (including the interior). Hakimi Decl. ¶ 9; Exh. 1. Thus, Plaintiff has no choice but to bring this *Ex Parte* Application in order to obtain emergency relief.

### IV. REQUEST FOR SANCTIONS

Defendant is obstructing Plaintiff's ability to access and inspect the Property, pursuant to a properly-served subpoena, despite the clear Ninth Circuit precedent providing that a plaintiff may pursue relief for all barriers relevant to his disability, even if he did not encounter them. *See Doran*, *supra*. Defendant has failed to provide any legal authority indicating that he is not entitled to inspect the entirety of the premises pursuant to the Subpoena.

As described further in the Declaration of Anoush Hakimi, filed

concurrently herewith, because of the significant amount of time spent conferring with opposing counsel, and preparing this Application which should have been unnecessary, Plaintiff has incurred in excess of $2,000. Hakimi Decl. ¶¶ 14-19. Plaintiff accordingly requests monetary sanctions in the amount of $2,336 against Defendant and its law firm for preparation of this application, which should have been unnecessary if Defendant heeded well-established law. Hakimi Decl. ¶ 19.

## V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that this Court grant Plaintiff's *Ex Parte* Application, order Defendant to facilitate access to the entirety of the Property pursuant to the Subpoena, and award sanctions in the amount of 2,336.

Dated:  June 25, 2021         THE LAW OFFICE OF HAKIMI & SHAHRIARI


By:     */s/ Anoush Hakimi*
        ANOUSH HAKIMI, ESQ.
        Attorney for Plaintiff James Shayler