Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>1310 PCH LLC, a California limited liability company; and Does 1-10,<br><br>  Defendants. | CASE NO.: 2:20-cv-10751-GW-GJS<br><br>Hon. George H. Wu<br><br>**PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: August 16, 2021<br>Time: 8:30 a.m.<br>Courtroom: 9D |

Plaintiff James Shayler ("Plaintiff") submits this Statement of Uncontroverted Facts, together with references to supporting evidence, in support of his motion for summary judgment against Defendant 1310 PCH LLC ("Defendant").

| UF No. | Plaintiff's Uncontroverted Fact | Supporting Evidence |
|---|---|---|
| UF 1 | Plaintiff James Shayler is disabled. | Declaration of James Shayler filed concurrently herewith ("Shayler Decl.") at ¶¶ 3-16; Declaration of Thomas E. McCloy, M.D. filed concurrently herewith ("McCloy Decl.") at ¶¶ 3-11; P's Exhs. 1-10. |
| UF 2 | Plaintiff has several spinal issues, including spinal arthritis, spinal stenosis, spondylosis, and a herniated disk, which affect and impair his mobility. | Shayler Decl. ¶¶ 3, 7, 9; McCloy Decl. ¶¶ 3, 4; P's Exhs. 1, 3. |

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 | UF 3 | Plaintiff has nerve damage throughout his back, legs, and feet, which further impairs his mobility. | Shayler Decl. ¶¶ 3, 7, 9, 10, 11, 15; McCloy Decl. ¶ 4; P's Exhs. 1, 3, 4, 5, 9. |
| 7 8 9 10 11 12 13 14 | UF 4 | Plaintiff has leg and foot issues, including complications from two knee replacement surgeries, bilateral osteoarthritis of the knees, and osteomyelitis in his foot requiring hospitalization. | Shayler Decl. ¶¶ 3, 8-14; McCloy Decl. ¶ 5; P's Exhs. 1-8. |
| 15 16 17 18 19 20 21 22 23 | UF 5 | Plaintiff has limited mobility and has difficulty walking and/or standing for longer than fifteen (15) minutes; he uses a cane daily to help him walk; and when his pain is especially bad, he uses a walker instead. | Shayler Decl. ¶¶ 4, 7; McCloy Decl. ¶¶ 6, 7; P's Exhs. 1, 10. |
| 24 25 26 27 | UF 6 | Plaintiff has very limited use of one arm and hand. | Shayler Decl. ¶¶ 5, 9, 11; McCloy Decl. ¶ 8; P's Exhs. 3, 5. |

| | | | |
|---|---|---|---|
| UF 7 | Because his mobility is severely impaired, Plaintiff needs ADA compliant routes of travel, parking, and signage for full and equal access to public accommodations. | Shayler Decl. ¶ 16. |
| UF 8 | Considering his disabilities, the State of California has issued Plaintiff a permanent disabled person parking placard. | Shayler Decl. ¶ 6; P's Exh. 11. |
| UF 9 | Defendant owns the property located at or about 1312 Pacific Coast Hwy, Hermosa Beach, California 90230 ("the Property"). | Declaration of Anoush Hakimi filed concurrently herewith ("Hakimi Decl.") at ¶¶ 5, 8; P's Exh. 12, Hakakian Depo. Tr. at 26:20-27:1. |

| | | | |
|---|---|---|---|
| UF 10 | On the Property, there was a laundry facility/dry cleaner called Beach Cities Cleaners ("the business"), which is a business open to the public. | Hakimi Decl. ¶ 5; Shayler Decl. ¶ 18; ECF Doc. 18, Defendant's Answer to FAC at ¶¶ 2, 3; ECF Doc. 10, Defendants' Answer to Complaint at ¶¶ 2, 3. |
| UF 11 | In February 2019, November 2019, and January 2020, Plaintiff visited the Property to patronize the business, but he experienced difficulty, humiliation, discomfort, and/or frustration upon encountering various access barriers. | Shayler Decl. ¶¶ 17-22; ECF Doc. 17, First Amended Complaint ("FAC") at ¶¶ 12, 20-22; ECF Doc. 1, Complaint ("Compl.") at ¶¶ 12, 19-21. |
| UF 12 | Plaintiff encountered excess slopes in the route connecting the designated disabled parking space (and/or access aisle) to the business entrance, making it difficult for | Shayler Decl. ¶ 20. |

5     Case No. 2:20-cv-10751-GW-GJS
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | |
|---|---|---|
| | him to safely travel using his mobility devices. | |
| UF 13 | Plaintiff had difficulty disembarking from his vehicle and unloading his mobility device(s), because the designated disabled parking space was not properly sized, and there was no clearly marked access aisle. | Shayler Decl. ¶ 22. |
| UF 14 | Plaintiff also encountered designated disabled parking that was not clearly marked and lacked adequate signage, which made it difficult for him to park. | Shayler Decl. ¶ 23. |
| UF 15 | Plaintiff did not encounter any directional signage indicating an access route and an accessible entrance, making it difficult for him to determine where to travel safely. | Shayler Decl. ¶ 21. |
| UF 16 | Plaintiff filed his Complaint on November 25, 2020, alleging violations of the Americans with Disabilities Act | Hakimi Decl. ¶¶ 2-4; ECF Doc. 1, Complaint. |

|  |  |  |
|---|---|---|
|  | ("ADA") and Unruh Civil Rights Act ("UCRA"). |  |
| UF 17 | On June 29, 2021, Plaintiff's Certified Access Specialist ("CASp"), John Battista, visited the Property and conducted an accessibility survey of the parking area and route(s) of travel therein. | Declaration of John Battista filed concurrently herewith ("Battista Decl.") at ¶ 8; P's Exh. 13 (Battista Evaluation). |
| UF 18 | The access aisle is not marked/painted properly and is missing the "No Parking" surface sign. | Battista Decl. at ¶ 12; P's Exh. 13 at 8-9 (Battista Evaluation at 7-8). |
| UF 19 | The designated disabled parking space measures less than eighteen feet (18') long; instead, it measures just over fifteen feet (15') long. | Hakimi Decl. ¶ 11; P's Exh. 12, Hakakian Depo. Tr. at 37:13-16; Battista Decl. at ¶ 11; P's Exh. 13 at 8-9 (Battista Evaluation at 7-8). |
| UF 20 | The designated disabled parking space does not have a compliant signage. | Battista Decl. at ¶ 13; P's Exh. 13 at 8-10 (Battista Evaluation at 7-9). |

| | | |
|---|---|---|
| UF 21 | The designated disabled parking space has slopes exceeding 2%, including slopes as high as 3.8%. | Battista Decl. at ¶ 14; P's Exh. 13 at 8-10 (Battista Evaluation at 7-9). |
| UF 22 | The Property is missing directional signage identifying the accessible entrance to the business. | Battista Decl. at ¶ 16; P's Exh. 13 at 12-14 (Battista Evaluation at 11-13). |
| UF 23 | The route from the designated disabled parking space to the business entrance has slopes exceeding 2%, including slopes as high as 6.6%. | Battista Decl. at ¶ 18; P's Exh. 13 at 17-21 (Battista Evaluation at 16-20). |
| UF 24 | The landing in front of the exterior door has sloops exceeding 2%, including a running slope as high as 6.5% and a cross slope as high as 18.8%. | Battista Decl. at ¶ 19; P's Exh. 13 at 17-21 (Battista Evaluation at 16-20). |
| UF 25 | Plaintiff is aware of the existing barriers to access observed by Mr. Battista, and he intends/plans to return to the Property again once the existing violations are remediated. | Shayler Decl. ¶¶ 23-27. |

PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | |
|---|---|---|
| UF 26 | The existing violations would impede Plaintiff's ability (i.e., would make it more difficult for him) to access Defendants' property, including to use the designated disabled parking space, access aisle, and route of travel. | Shayler Decl. ¶¶ 19-26. |
| UF 27 | Considering the existing violations, Plaintiff is deterred from visiting the Property. | Shayler Decl. ¶ 25. |
| UF 28 | Plaintiff intends and plans to return to the Property to patronize Beach Cities Cleaners because it is close to his friend's house and offers lowers prices than other cleaners. | Shayler Decl. ¶¶ 24, 28. |
| UF 29 | Defendant concedes that several barriers to access exist and can be remediated. | Hakimi Decl. ¶¶ 10-13; P's Exh. 12, Hakakian Depo. Tr. at 37:13-16, 38:6-14, 59:12-17, 61:13-19. |

9   Case No. 2:20-cv-10751-GW-GJS
PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

| | | |
|---|---|---|
| UF 30 | Defendant admitted that it believes the parking lot needed to be restriped to bring the Property into compliance with the ADA. | Hakimi Decl. ¶ 11; P's Exh. 12, Hakakian Depo. Tr. at 38:6-14. |
| UF 31 | Defendant admitted it would be able to fix a designated disabled parking space if a CASp inspector determined it was not the correct length. | Hakimi Decl. ¶ 12; P's Exh. 12, Hakakian Depo. Tr. at 59:12-15. |
| UF 32 | Defendant admitted that it did not believe it would be costly to install an access aisle adjacent to the designated disabled parking spot on the Property and that there was no other reason such an access aisle could not be installed. | Hakimi Decl. ¶ 13; P's Exh. 12, Hakakian Depo. Tr. at 61:13-19. |
| UF 33 | The estimated cost to provide a compliant accessible parking stall is $3,500, and it should take three days to complete. | Battista Decl. ¶ 15; P's Exh. 13 at 8 (Battista Evaluation at 7). |

| | | | |
|---|---|---|---|
| UF 34 | The estimated cost to provide signage at the side of the building pointing to the accessible entrance from Pacific Coast Highway is $45, and it should take one hour to complete. | Battista Decl. ¶ 17; P's Exh. 13 at 12 (Battista Evaluation at 11). |
| UF 35 | The estimated cost to level the route of travel and the landing in front of the exterior doors is $15,500, and it should take three days to complete. | Battista Decl. ¶ 20; P's Exh. 13 at 17 (Battista Evaluation at 16). |
| UF 36 | The shopping center where Beach Cities Cleaners is located has an approximate market value of $2,119,581 and Defendant pays annual property taxes in the amount of $22,599. | Hakimi Decl. ¶ 15; P's Exh. 14. |
| UF 37 | None of the remediations recommended would impact the operation of the business, except for the remediation to address the route of travel and entrance landing slopes, which would take an estimated three days to complete. | Battista Decl. ¶ 21. |

| UF 38 | None of the remediations recommended would impact the economic activity of the business after they have been corrected. | Battista Decl. ¶ 21. |

Based upon the foregoing Statement of Uncontroverted Facts, this Court should make the following Conclusions of Law:

1. Plaintiff James Shayler is a disabled person under the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("UCRA"). *See* 42 U.S.C. § 12202; Cal. Civ. Code § 51(e)(1); Cal. Gov't Code § 12926(m).

2. As owners of a place of public accommodation, Defendant is a responsible party under Title III of the ADA. *See* 42 U.S.C. § 12182(a).

3. Defendant has an obligation under the ADA to ensure that the Property is accessible to persons with disabilities, which includes removing barriers to access where it is readily achievable to do so. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

4. Because a pedestrian route of travel is/are one of the facilities, privileges, and accommodations made available to customers of the Property, Defendant must provide a marked, accessible route connecting the public sidewalks, access aisle (adjacent to the designated disabled parking space),

designated disabled parking space, and the Beach Cities Cleaners laundry/dry cleaning facility, which is free from excessive slopes and damaged pavement, with directional signage showing an accessible path of travel to an accessible entrance.  1991 ADA Standards for Accessible Design ("ADAS") §§ 4.1.2(7), 4.3.2(1), 4.3.7, 4.5.2, 4.6.3, 4.8; 2010 ADAS §§ 206.2.1, 216.6, 302.1, 303.1, 303.2, 303.3, 303.4, 403.1, 403.2, 403.3. 404.2.4.4, 502.3; 2010 CBC §§ 1127B.3, 1129B.3, 1133B.5.1; 2016 CBC, Chapter 11B (7/1/18), Section 11B-216.6, 303.1, 303.2, 303.3, 303.4, 403.1, 403.3, 404.2.4.4, 502.3.

5. By failing to provide an accessible route, Defendant presented barriers to access because:  (1) removal (remediation) of the barriers was readily achievable; and (2) Plaintiff encountered the barriers and/or is reasonably deterred from visiting the Property because of the knowledge of the existence of the barriers.  *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Doran v. 7-ELEVEN, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008).  Thus, Defendant violated Plaintiff's rights to full and equal access under the ADA.  *Id.*

6. Because parking is one of the facilities, privileges, and accommodations made available to customers of the Property, Defendant must provide accessible parking, including by:  providing an access aisle adjacent to the

designated disabled parking space; clear signage/painting marking the accessible parking space and access aisle; providing a sufficiently long designated disabled parking space; and providing, in the designated disabled parking space and adjacent access aisle, ground surfaces that do not have excessive slopes, severely damaged pavement, or excessive changes in level.  *See* 1991 ADAS §§ 3.5, 4.3.8, 4.6.3; 2010 ADAS §§ 303.3, 502.2, 502.3.2, 502.4; 2010 CBC § 1129B.3.3; 2016 CBC § 11B-502.2, 502.6.4.1, 502.6.4.2.

7. By failing to provide compliant/accessible parking, Defendant presented barriers to access because:  (1) removal (remediation) of the barriers was readily achievable; and (2) Plaintiff encountered the barriers and/or is reasonably deterred from visiting the Property because of the knowledge of the existence of the barriers.  *See* 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011); *Doran v. 7-ELEVEN, Inc.*, 524 F.3d. 1034, 1040 (9th Cir. 2008).  Thus, Defendant violated Plaintiff's rights to full and equal access under the ADA.  *Id.*

8. Because Plaintiff is aware of the existing ADA violations, and is reasonably deterred from visiting Defendant's property (a place of public accommodation) because of Defendant's failure to comply with the ADA, Plaintiff is entitled to injunctive relief.  *See* 42 U.S.C. § 12188(a).

9. Because Defendant violated Plaintiff's rights under the ADA, Defendant also violated Plaintiff's rights under the UCRA. *See* Cal. Civ. Code § 51(f).

10. Because Plaintiff personally encountered violations (barriers to access), and is deterred from accessing Defendant's place of public accommodation because he has personal knowledge of existing violations, he is entitled to recover statutory damages of $4,000.00 per incident. *See* Cal. Civ. Code §§ 52(a), 55.56(a), 55.56(b).

11. Plaintiff has standing to seek injunctive relief in the form of an order that Defendants remediate existing ADA violations and maintain an accessible property, including an accessible building, accessible parking, and accessible routes of travel. *See* 42 U.S.C. § 12188(a)(2). The Property is conveniently located close to Plaintiff's friend's house, and offers lower prices than other cleaners. Plaintiff plans and intends to visit the Property again as soon as existing barriers to access are removed. Plaintiff will continue to face the same discriminatory barriers to access until Defendant removes the barriers.

12. Because Plaintiff's rights were violated under the ADA and the UCRA, he is entitled to an order directing Defendant to remediate existing violations, and to maintain accessible parking, an accessible route, and an accessible building interior.

13. Under the UCRA, Plaintiff is also entitled to recover statutory damages of $16,000 ($4,000 per incident, for four actual visits and one deterred visit).

Dated: July 16, 2021                     THE LAW OFFICE OF HAKIMI & SHAHRIARI

By: */s/ Anoush Hakimi*
ANOUSH HAKIMI, ESQ.
Attorneys for Plaintiff James Shayler