Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an individual,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>1310 PCH LLC, a California limited liability company; and Does 1-10,<br><br>　　　　　Defendants. | Case No.: 2:20-cv-10751-GW-GJS<br><br>Hon. George H. Wu<br><br>**DECLARATION OF JAMES SHAYLER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　August 16, 2021<br>Time:　8:30 a.m.<br>Courtroom:　9D |

# DECLARATION OF JAMES SHAYLER

I, James Shayler, declare as follows:

1. I am over the age of eighteen, of sound mind, and capable of making this declaration. I am the Plaintiff in this action, wherein I have filed a First Amended Complaint (FAC) for violations of the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act (UCRA). I make this declaration in support of Plaintiff's Motion for Summary Judgment.

2. I have knowledge of the matters contained herein, and they are true and correct of my own personal knowledge, except for those matters stated upon information and belief, and as to those matters, I believe them to be true and correct. If called and sworn as a witness, I could and would testify competently hereto.

## I.   My Disabilities

3. I am a disabled senior citizen. I have various physical conditions that impact my health and mobility. I had two knee replacement surgeries which did not go well. The surgeries resulted in severe pain in my knees and caused my legs to become very weak. I have a pinched sciatic nerve that causes my left leg to give out sporadically. I occasionally lose balance when my left leg gives out. I have neuropathy affecting the bottom of my feet, which causes a burning sensation. I have spinal arthritis, spinal stenosis, spondylosis, and a herniated

disk. I experience severe back pain on a regular basis. I feel sciatica nerve pain in my left hip, which also causes me to limp.

4. I use a cane daily to help me walk. When my pain is especially bad, I use a walker instead. Sometimes my pain is so severe that I cannot be mobile, i.e., I cannot walk around at all. Filed concurrently herewith as <u>Exhibit 10</u> are true and correct copies of photos I took of my walker and cane.

5. I have very limited use of one arm and hand as a result of an injury on the job as a firefighter years ago. I cannot put much pressure on my left arm or hand. I was also in a car accident recently, which caused my back condition to further deteriorate.

6. Considering my permanent disabilities, the State of California has issued me a permanent disabled person parking placard. Filed concurrently herewith as <u>Exhibit 11</u> is a true and correct copy of a photo I took of my disabled person parking placard, with identification number redacted.

7. A true and correct copy of the "Lumbar Spine Medical Source Statement" I received from Beverly Hospital, in connection with my evaluation by Dr. Charles Ananian on February 11, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as <u>Exhibit 1</u>. The information in the Lumbar Spine Medical Source Statement is accurate and reflects Dr. Ananian's observations and notes during the visit. As reflected in the Lumbar

Spine Medical Source Statement, there are multiple levels of diffuse disc bulges in my spine with impingement at the L5 nerve root. *See* Exh. 1 (2/11/20 Lumbar Spine Medical Source Statement). I have sciatica, and experience pain in my lower spine and right leg. *Id.* at 1-2. I have difficulty walking and standing for longer than fifteen (15) minutes. *Id.* at 1-2.

8. A true and correct copy of the "Orthopedic Follow-Up Evaluation" record I received from Dr. Thomas McCloy's office, in connection with an evaluation I had with orthopedic surgeon John D. Plut, M.D. on December 8, 2016, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 2. The information in the evaluation is accurate and reflects Dr. Plut's observations, examination, and notes during our visit. During this visit, Dr. Plut diagnosed me with bilateral osteoarthritis of the knees. *See* Exh. 2 (12/8/16 Orthopedic Follow-Up Evaluation) at 2.

9. A true and correct copy of a progress note I received from Dr. Thomas McCloy's office, in connection with my visit with Dr. McCloy on January 15, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 3. The information in the progress note is accurate and reflects Dr. McCloy's observations and notes during our visit. As noted in the document, I have a history of: fracture to the right ulnar bone that caused nerve damage and hand atrophy, spinal stenosis and chronic sciatic nerve

pain, bilateral knee replacements, and elbow fracture surgery.  Exh. 3 (1/15/20 Progress Note) at 2-3.  Dr. McCloy diagnosed me with chronic pain syndrome and sciatica.  *Id.* at 4.

10.  A true and correct copy of a progress note I received from Dr. Thomas McCloy's office, in connection with my visit with Dr. McCloy on March 2, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 4.  The information in the progress note is accurate and reflects Dr. McCloy's observations and notes during our visit.  During that visit, I discussed with Dr. McCloy that I had a deep hole in the callus at the middle of the metatarsal heads of my foot, but because I have neuropathy, I could not feel it at that time.  *See* Exh. 4 (3/2/20 Progress Note) at 2.  Dr. McCloy referred me to a podiatrist.  *Id.* at 3.

11.  A true and correct copy of a progress note I received from Dr. Thomas McCloy's office, in connection with my evaluation with Dr. McCloy on April 14, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 5.  The information in the progress note is accurate and reflects Dr. McCloy's observations and notes during our visit.  During this visit, I discussed with Dr. McCloy that I was continuing to see a podiatrist every week.  *See* Exh. 5 (4/14/20 Progress Note) at 2.  We again discussed my ongoing right arm and hand pain from an old ulnar nerve injury,

my chronic sciatic nerve pain, and my need for medications due to my chronic pain. *Id.*

12. A true and correct copy of a progress note I received from Dr. Thomas McCloy's office, in connection with my evaluation with Dr. McCloy on May 18, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 6. The information in the progress note is accurate and reflects Dr. McCloy's observations and notes during our visit. During this visit, I discussed with Dr. McCloy that I was hospitalized for osteomyelitis in my foot. *See* Exh. 6 (5/18/20 Progress Note). *Id.* at 2.

13. A true and correct copy of the record I received from Dr. Thomas McCloy's office, in connection with my visit with Dr. Henry Su on July 2, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 7. The information in the document is accurate and reflects Dr. Su's observations and notes during our visit. I had a follow up visit with Dr. Su regarding my foot infection and osteomyelitis. *See* Exh. 7 (7/2/20 Progress Note) at 2.

14. A true and correct copy of a progress note I received from Dr. Thomas McCloy's office, in connection with my evaluation with Dr. McCloy on July 14, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as Exhibit 8. The information in the progress note is

accurate and reflects Dr. McCloy's observations and notes during our visit. During this visit, I discussed with Dr. McCloy that I required a walking boot. *See* Exh. 8 (7/14/20 Progress Note). *Id.* at 2.

15. A true and correct copy of a progress note I received from Dr. Thomas McCloy's office, in connection with my visit with Dr. McCloy on September 9, 2020, and redacted to remove irrelevant private information, is filed concurrently herewith as <u>Exhibit 9</u>. The information in the progress note is accurate and reflects Dr. McCloy's observations and notes during our visit. During this visit, I discussed with Dr. McCloy that I had ongoing neuropathy pain and required medications. *See* Exh. 9 (9/9/20 Progress Note). *Id.* at 2.

16. Because I have severely impaired mobility, and rely on a walker or cane, I need ADA compliant routes of travel, parking, signage, business interiors, and restroom facilities for full and equal access to public accommodations.

## II.   Barriers at the Property

17. In February 2019, November 2019, and January 2020, I visited the property located at 1312 Pacific Coast Hwy, Hermosa Beach, California 90254 (the "Property"). During my visits, I encountered the access barriers, conditions, and/or violations identified in my FAC. *See* ECF Doc. 17, First Amended Complaint (FAC) at ¶ 20.

18. On the Property, there is a business called Beach Cities Cleaners, which is a laundry/dry cleaning facility ("the business"). I visited the business on three occasions, in February 2019, November 2019, and January 2020.

19. During my visits, I could not easily access the Property and/or the business. I had difficulty parking, disembarking from the car, and walking to and entering the business given the hazards at the Property. *See* ECF Doc. 17, FAC at ¶¶ 19-23. I experienced difficulty, humiliation, and frustration. *See* ECF Doc. 17, FAC at ¶ 22.

20. I need to walk on a smooth surface without excess slopes or changes in level because I am at risk of tripping when I use my cane or walker. During my visits, there were changes in level and excess slopes in the route connecting the designated disabled parking space (and/or access aisle) to the business entrance and on the landing in front of the exterior doors. I have been advised by my investigator that these conditions (issues) remain.

21. Because it is difficult for me to walk and stand for longer than fifteen (15) minutes, I need directional signage pointing me to an accessible entrance, so that I can quickly figure out where to go. The business also lacked directional signage indicating an accessible entrance, making it difficult for me to determine where to travel safely. I have been advised by my investigator that these conditions (issues) remain.

22. I need adequate space to disembark from the car, and to unload my mobility device(s). The designated disabled parking space was not long enough, and there was not adjacent access aisle to allow me to unload my mobility device(s). I have been advised by my investigator that these conditions (issues) remain. Additionally, the designated disabled parking space was excessively sloped, making it difficult for me to safely disembark.

23. I need to park in the designated disabled parking space, and it is difficult for me to determine where to park when the designated disabled parking space is not clearly marked. Also, other people who are not disabled tend to park in the designated disabled parking space, and/or access aisle, which lack adequate signage warning against unauthorized parking. It is exceedingly difficult for me to disembark from the car when I have to use a non-disabled parking space (without an adjacent access aisle), instead of a designated disabled parking space (with an adjacent access aisle). The proper signs were not posted when I visited the Property. I have been advised by my investigator that these conditions (issues) remain.

24. I intend and plan to visit the Property again once the existing barriers to access are removed (i.e., once the existing ADA violations are remediated).

25. I presently remain deterred from visiting the Property because I am aware that access barriers (i.e., conditions in violation of the ADA and UCRA) still exist.

26. I have reviewed the Declaration of John Battista, filed concurrently herewith, and am aware of the access barriers (i.e., non-compliant conditions) he found during his inspection on June 29, 2021.

27. The non-compliant conditions Mr. Battista observed included: excess slopes in the designated disabled parking space; no marked adjacent access aisle for the designated disabled parking space; non-compliant signage for the designated disabled parking space; no directional sign indicating an accessible route of travel; and excessive slopes on the accessible route of travel and in the landing for the exterior doors. These conditions constitute barriers to access for disabled persons such as myself as described above.

28. Once the remaining violations have been remediated, making the Property safe for me, I plan to visit again and patronize Beach Cities Cleaners because it is close to my friend's house and offers lower prices than other cleaners.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: July 13, 2021

*/s/ James Shayler*
James Shayler