| | |
|---|---|
| 1 | Anoush Hakimi (SBN 228858) |
| 2 | anoush@handslawgroup.com |
| 3 | Peter Shahriari (SBN 237074) |
|   | peter@handslawgroup.com |
| 4 | Laura Steven (SBN 332168) |
| 5 | laura@handslawgroup.com |
|   | **THE LAW OFFICE OF HAKIMI & SHAHRIARI** |
| 6 | 1800 Vine Street |
| 7 | Los Angeles, CA 90028 |
|   | Telephone: (888) 635-2250 |
| 8 | Facsimile: (213) 402-2170 |
| 9 | |
| 10 | Attorneys for Plaintiff, |
|    | **JAMES SHAYLER** |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an individual, | Case No.: 2:20-cv-10751-GW-GJS |
| Plaintiff, | |
| | Hon. George H. Wu |
| v. | |
| | **DECLARATION OF JOHN BATTISTA IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| 1310 PCH LLC, a California limited liability company; and Does 1-10, | |
| Defendants. | Date: August 16, 2021 |
| | Time: 8:30 a.m. |
| | Courtroom: 9D |

1    Case No. 2:20-cv-10751-GW-GJS

DECLARATION OF JOHN BATTISTA ISO PLAINTIFF'S MSJ

# DECLARATION OF JOHN BATTISTA

I, John Battista, declare as follows:

1. I, the undersigned, am a licensed Certified Access Specialist (CASp #592). Based upon my own experience and knowledge, I can truthfully and competently testify to the following:

## I. My Experience/ Expertise

2. I am the owner of a business named ADA Compliance Masters, Inc. My business predominately involves assessing various properties for accessibility law compliance.

3. I have over 38 years of construction experience, including 10 years as a Tradesman, 10 years as a Construction Manager/ Superintendent, and 18 years as a Building Inspector.

4. I hold and maintain over 40 professional licenses, including Public School & Hospital Inspector, Fire Inspector, Licensed General Building Contractor, Accessibility Inspector/ Plans Examiner, and State Certified Access Specialist.

5. I am an ADA Specialist, a Special Inspector, an Expert Witness, and a Construction Forensic Investigator. I have been a Construction Consultant on numerous cases and projects throughout Southern California.

6. I have served as a consultant for various public municipalities including Los Angeles Unified School District (LAUSD), Ventura Unified School District (VUSD), Los Angeles Community College District (LACCD), Los Angeles Department of Building & Safety (LADBS), and the Los Angeles County Department of Public Works (LACDPW). Over the last 18 years, I have conducted accessibility and building inspections of schools, colleges, medical facilities, and essential services buildings.

7. I am an expert in disabled access and the Americans with Disabilities Act (ADA). I have been appointed to the California Building Officials (CALBO) Access Committee for a second two-year term.

**II.  My Inspection of the Property at Issue**

8. On June 29, 2021, I conducted an accessibility survey of the parking area and route(s) of travel at the property located at 1312 Pacific Coast Hwy., Hermosa Beach, CA 90254 (the "Property").

9. I also reviewed the First Amended Complaint.

10. A true and correct copy of my Site Accessibility Evaluation, dated July 7, 2021, is filed concurrently herewith as Plaintiff's Exhibit 13 ("P's Exh. 13 (Battista Evaluation)").

11. With respect to Plaintiff's allegation regarding designated disabled parking space that was not the correct length, I observed that the designated

disabled parking is just over fifteen feet (15') long instead of the required eighteen feet (18'). P's Exh. 13 (Battista Evaluation) at 7-8, 10.

12. Regarding Plaintiff's allegation of a failure to provide an access aisle for use by individuals with disabilities, I observed that there is no compliant adjacent access aisle. *Id.* at 7-8. There is no access aisle adjacent to the designated disabled parking space with hatched lines and the words "No Parking" painted on the surface. *Id*.

13. With respect to Plaintiff's allegation that the designated disabled parking space did not have compliant signage and striping, I observed that the signage is missing and/or not clearly painted on the surface. *Id.* at 7-9.

14. Regarding Plaintiff's allegation that the designated disabled parking space was excessively sloped, I determined that the parking space has a slope greater than 2 percent. *Id.* at 7-9. Based on measurements, the slope of the designated disabled parking space is as great as 3.8 percent. *Id.* at 9.

15. The estimated cost to provide a compliant accessible parking stall and address all the issues identified in paragraphs 11 to 14 is $3,500. *Id.* at 7. It should take three days to complete the necessary work. *Id*.

16. With respect to Plaintiff's allegation that the Property is missing directional signage, I identified that the entrance from Thirteenth Street is not

accessible and does not have directional signage pointing to the accessible entrance. *Id.* at 11-13.

17. The estimated cost to provide signage at the side of the building pointing to the accessible entrance from Pacific Coast Highway is $45. *Id.* at 11. It should take one hour to complete. *Id.*

18. Regarding Plaintiff's allegation that the path of travel, including from the public sidewalk along the building is excessively sloped, I determined that the slope exceeds the maximum permissible level of 2%. *Id.* at 16-20. Based on my measurements, the path of travel has slopes as high as 6.6%. *Id.*

19. With respect to Plaintiff's allegation that the landing in front of the exterior doors was excessively sloped, I determined that the slope of the landing exceeds the maximum permissible level of 2%. *Id.* at 16-20. Based on my measurements, the landing has a running slope of 6.5% and a cross slope of 18.8%. *Id.*

20. The estimated cost to level the route of travel and the landing in front of the exterior doors is $15,500. *Id.* at 16. It should take three days to complete this work. *Id.*

21. It is my opinion as a licensed general contractor that none of the remediations recommended would impact the operation of the business, except for the three days required to address the slopes of the route of travel and the

landing of the exterior doors.  None of the remediations recommended would impact the economic activity of the business after they have been corrected.

    I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

    Executed on July 15, 2021, at Los Angeles, California.

_____
John Battista