Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| James Shayler, an individual<br><br>Plaintiff,<br><br>v.<br><br>1310 PCH LLC, a California limited lability company; and Does 1-10,<br><br>Defendants. | Case No.: 2:20-cv-10751-GW-GJS<br><br>Hon. George H. Wu<br><br>**DECLARATION OF ANOUSH HAKIMI ISO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  August 16, 2021<br>Time:  8:30 a.m.<br>Courtroom:  9D |

1

# DECLARATION OF ANOUSH HAKIMI

I, Anoush Hakimi, declare as follows:

1.      I am an attorney of law duly licensed to practice before all courts in the State of California and am admitted to practice in the United States District Court for the Central District of California.  I am the attorney of record for James Shayler in the above-entitled proceeding, and, as such, I have knowledge of the matters contained herein.  The matters stated herein are true and correct of my own personal knowledge, except for those matters stated upon information and belief, and as to those matters, I believe them to be true and correct.  If called and sworn as a witness, I could and would testify competently hereto.

2.      On November 25, 2020, Plaintiff filed his Complaint alleging violations of the Americans with Disabilities Act of 1990 ("ADA") (U.S.C. § 12181, *et seq.*), and the Unruh Civil Rights Act ("UCRA") (Cal. Civ. Code § 51, *et seq.*) at the property located at or about 1312 Pacific Coast Hwy, Hermosa Beach, California 900254 (the "Property").  ECF Doc. 1.

3.      The Complaint includes various violations of the ADA and California Building Code ("CBC") with respect to parking, the path of travel, and signage.  *Id.* at ¶ 20.

4.      The complaint states, "these barriers to access are described herein without prejudice to Plaintiff citing addition[al] barriers to access after inspection

DECLARATION OF ANOUSH HAKIMI ISO PLAINTIFF'S MSJ

by plaintiff's access agents, pursuant to *Doran v. 7-ELEVEN, Inc.* 524 F3d 1034 (9th Cir. 2008) (holding once a plaintiff encounters one barrier at a site, a plaintiff can sue to have all barriers that relate to their disability removed regardless of whether they personally encountered them)." *Id.* at ¶ 29.

5.      Defendant filed an answer to the Complaint on January 7, 2021, essentially denying most allegations, but admitting that it owns the property located at 1312 Pacific Coast Hwy, Hermosa Beach, CA 90254 (the "Property") and that there is a business establishment known as "Beach City Cleaners" (the "business") located on the Property.  ECF Doc. 10, Defendant's Answer, at ¶¶ 2, 3.

6.      On March 10, 2021, Plaintiff filed his First Amended Complaint ("FAC") in light of newly discovered violations.  ECF Doc. 17.  The FAC reiterated the aforementioned violations, which still remained, and included additional violations with respect to the parking area and business entrance.  *Id.* at ¶ 24.

7.      On March 23, 2021, Plaintiff took the deposition of Defendant through its designated Person Most Knowledgeable, Simon Hakakian.  A true and correct copy of the relevant pages of the transcript of the deposition of Simon Hakakian is filed concurrently herewith as <u>Exhibit 12</u>.

DECLARATION OF ANOUSH HAKIMI ISO PLAINTIFF'S MSJ

8.      During his deposition, Mr. Hakakian testified that Defendant owns the Property.  P's Exh. 12, Hakakian Depo. Tr. at 25:17-21.

9.      Mr. Hakakian testified that he is responsible for maintenance of the Property on behalf of Defendant.  *Id.* at 26:20-27:1.

10.     Mr. Hakakian testified that he did not believe the Property was in compliance with the ADA. *Id.* at 37:13-16.

11.     Mr. Hakakian testified that he believed the parking lot needed to be restriped to bring the Property into compliance with the ADA. *Id.* at 38:6-14.

12.     Mr. Hakakian testified that he believed that Defendant would be able to fix a designated disabled parking space if a Certified Access Specialist ("CASp") inspector determined it was not the correct length. *Id.* at 59:12-15.

13.     Mr. Hakakian testified that he did not believe it would be costly to install an access aisle adjacent to the designated disabled parking spot on the Property, and that there was no other reason such an access aisle could not be installed. *Id.* at 61:13-19.

14.     When determining the value of the Property, I reviewed the real property records available on the www.propertyshark.com website ("PropertyShark"), which is an application utilized by real estate professionals to assess the market value of real property.

DECLARATION OF ANOUSH HAKIMI ISO PLAINTIFF'S MSJ

15.     According to the real property report provided by PropertyShark, the Property has an approximate market value of $2,119,581 and is subject to $22,599 in annual property taxes. A true and correct copy of the PropertyShark report for the Property as downloaded on July 11, 2021 is filed concurrently herewith as Exhibit 14.

16.     There are several uncontroverted facts, supported by Defendant's own testimony and evidence, indicating that assorted barriers exist and can be remediated, thus justifying summary judgment in Plaintiff's favor.

17.     Plaintiff respectfully requests that this Court grant summary judgment in his favor, issue injunctive relief, and award statutory damages for the difficulty, humiliation, and hardship he experienced when visiting the Property.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated:  July 16, 2021

_____
/s/ Anoush Hakimi
Anoush Hakimi

DECLARATION OF ANOUSH HAKIMI ISO PLAINTIFF'S MSJ