Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Shayler, an Individual,<br><br>      Plaintiff,<br><br>  v.<br><br>1310 PCH LLC, a California limited lability company; and Does 1-10,<br><br>      Defendants. | CASE NO.: 2:20-cv-10751-GW-GJS<br><br>Hon. George H. Wu<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  August 16, 2021<br>Time:  8:30 a.m.<br>Courtroom:  9D |

# I.     INTRODUCTION

Defendant 1310 PCH LLC ("Defendant") files its Non-Opposition to Plaintiff's Motion for Summary Judgment ("MSJ"), taking the contradictory positions both that 1) admit (do not dispute) that the Property remains out of compliance with accessibility laws, but 2) claim Plaintiff's MSJ was not necessary. Both things cannot be true. Certainly, if violations undoubtedly exist at the Property, and have not been remediated in the nearly one year that this case has been pending, Plaintiff **must** file his MSJ to obtain injunctive relief to ensure that the remediations occur.

Defendant claims that its representative testified about Defendant's willingness to fix the Property, yet this testimony occurred four months ago, and Defendant has neither fixed the Property, nor has it described any concrete steps taken to ensure that the Property will be fixed soon. Similarly, Defendant relies on a June 2021 email vaguely referencing an intent to "resolve the issues," but to date, nothing has been resolved. Plaintiff has provided numerous reasonable resolution proposals, which have been rejected at every turn. Plaintiff had only one option left to ensure that the Property is remediated: file his MSJ. Thus, Plaintiff submits that because Defendant fails to dispute any aspect of his MSJ (other than to claim it should not have been filed, which defies logic as explained above), it should be granted in full.

## II.   DISCUSSION

Defendant has not established a single genuine issue of material fact on any elements set forth in Plaintiff's Motion for Summary Judgment. Instead, Defendant makes several irrelevant assertions that should have no bearing on the Court's ruling as set forth below.

### A.   There is No Dispute that the Property Remains Out of Compliance

In the Non-Opposition, Defendant suggests that it should be relieved of its duties as a public property owner under the ADA simply because its representatives claim they will remediate the Property. *See* ECF No. 28, Conditional Non-Opposition, at 1-2. However, Defendant's actions have hardly shown a willingness to remediate. This case was filed ***over eight (8) months ago***, on November 25, 2020. ECF No. 1, Complaint. Defendant was formally served with the case initiating documents on December 3, 2020. ECF No. 9, Proof of Service. Defendant's counsel filed Defendant's Answer on January 7, 2021. ECF No. 10, Answer. Thus, Defendant has certainly been aware of this lawsuit for months, and yet has taken absolutely no steps to remediate the Property.

Defendant points to the deposition of Person Most Knowledgeable Simon Hakakian, taken on March 23, 2021, and a few sentences in Defendant's counsel's email from June 8, 2021, as evidence that Defendant will make the necessary

repairs. *See* ECF No. 28, Conditional Non-Opposition, at 1-2. However, since both the March, 2021 deposition and counsel's June, 2021 email, the Property still remains inaccessible to those with disabilities. *See* ECF No. 26-5, Declaration of John Battista; ECF No. 26-20, P's Exh. 13, Battista Report. In fact, it remains wildly out of compliance to this day. *Id*. Defendant cannot rely on vague representations that remediation will happen "some day" to escape liability.

Given that Defendant does not actually dispute the presence of violations at the Property, or any of Plaintiff's other claims in his Motion, Plaintiff respectfully submits that his Motion should be granted.

### B.      The Unruh Act Claim Has Not Been Dismissed

The February 19, 2021 Scheduling Order does not state that the Court has declined to exercise supplemental jurisdiction, but that it will do so. ECF No. 15, In Chambers – Scheduling Order dated February 19, 2021. Plaintiff submits that this situation, with litigation pending for nearly a year and absolutely no remedial actions taken by Defendant, calls for the Court to make an exception and exercise its supplemental jurisdiction. As Plaintiff has established his ADA claim and is clearly entitled to statutory damages under his UCRA claim (which does not predominate), there is no reason why this Court should not retain supplemental jurisdiction and enter judgment in favor of Plaintiff for the requested damages amount.  *See* 28 U.S.C. § 1367(c)(3)-(4). Plaintiff respectfully requests that the

PLAINTIFF'S REPLY ISO MOTION FOR SUMMARY JUDGMENT

Court do so as set forth further in Section V of Plaintiff's Memorandum of Points and Authorities in Support of Motion for Summary Judgment. *See* ECF No. 26-1.

## III.    CONCLUSION

For all of the reasons provided in his Motion and Reply papers, Plaintiff respectfully requests that this Court grant summary judgment in his favor.

Dated:  July 30, 2021                      THE LAW OFFICE OF HAKIMI & SHAHRIARI


By:    /s/ Peter Shahriari
                                 Peter Shahriari, Esq.
                                 Attorneys for Plaintiff James Shayler

PLAINTIFF'S REPLY ISO MOTION FOR SUMMARY JUDGMENT