Anoush Hakimi (SBN 228858)
anoush@handslawgroup.com
Peter Shahriari (SBN 237074)
peter@handslawgroup.com
Laura Steven (SBN 332168)
laura@handslawgroup.com
**THE LAW OFFICE OF HAKIMI & SHAHRIARI**
1800 Vine Street
Los Angeles, CA 90028
Telephone: (888) 635-2250
Facsimile: (213) 402-2170

Attorneys for Plaintiff,
**JAMES SHAYLER**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER, an individual, | Case No. 2:20-cv-10751-GW-GJS |
|      Plaintiff, | Hon. George H. Wu |
|   v. | |
| 1310 PCH LLC, a California limited liability company; and DOES 1-10, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND COSTS** |
|      Defendants. | Date:       September 30, 2021<br>Time:     8:30 a.m.<br>Courtroom: 9D |

Plaintiff James Shayler ("Plaintiff") respectfully submits this memorandum of points and authorities in support of his motion for attorneys' fees and costs against Defendant 1310 PCH LLC ("Defendant").

## I.    INTRODUCTION

The Court should grant Plaintiff's motion for attorneys' fees and costs because Plaintiff is the prevailing party in this case, where judgment was entered against Defendant, and because the fees and costs are reasonable.

## II.    FACTS / PROCEDURAL HISTORY

The Complaint was filed in federal court on November 25, 2020, asserting claims under the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act ("UCRA") against Defendant. ECF Doc. 1, Complaint; *See* Declaration of Anoush Hakimi filed concurrently herewith ("Hakimi Decl.") ¶ 2.

The Proof of Service of Summons and Complaint on Defendant was filed on December 9, 2021. ECF Doc. 9, Proof of Service; Hakimi Decl. ¶ 3. Defendant filed its Answer on January 7, 2021. ECF Doc. 10; Hakimi Decl. ¶ 4.

Plaintiff served Interrogatories, Requests for Production, and Requests for Admissions on Defendant on February 4, 2021. Hakimi Decl. ¶ 5. Plaintiff sent a meet and confer letter to Defendant upon its failure to respond. *Id.*

On March 10, 2021, the parties stipulated to allow Plaintiff to file his First Amended Complaint ("FAC") to add recently discovered violations. ECF Doc.

1

16, Stipulation; Hakimi Decl. ¶ 6. Plaintiff filed his First Amended Complaint on March 10, 2021. ECF Doc. 17, FAC; Hakimi Decl. ¶ 6. Defendant filed its Answer to the FAC on April 21, 2021. ECF Doc. 18; Hakimi Decl. ¶ 6.

Plaintiff took the deposition of Defendant's Person Most Knowledgeable on March 23, 2021. Hakimi Decl. ¶ 7. In addition to the time spent taking the deposition, Plaintiff's counsel spent several hours noticing the deposition, conferring with Defendant regarding dates, and preparing. *Id.*

The parties attended a mediation session on July 8, 2021 to resolve the case without further litigation. ECF. Doc. 24, Status Report; Hakimi Decl. ¶ 8. Plaintiff's counsel prepared a mediation brief and consulted with Plaintiff in advance. Hakimi Decl. ¶ 8. The parties were unable to reach a resolution. *Id.*

On July 16, 2021, Plaintiff filed his Motion for Summary Judgment against Defendant, seeking injunctive relief under the ADA and statutory damages under the UCRA. ECF Doc. 26, Motion for Summary Judgment ("MSJ"); Hakimi Decl. ¶ 9. Defendant filed its Non-Opposition on July 23, 2021. ECF Doc. 28, Non-Opposition to MSJ; Hakimi Decl. ¶ 9. Plaintiff filed his Reply in Support of MSJ on July 30, 2021. ECF. Doc. 29, Reply in Support of MSJ; Hakimi Decl. ¶ 9.

The Court granted Plaintiff's MSJ on August 16, 2021 with respect to his ADA claim, and clarified that the Court declined to exercise supplemental jurisdiction over Plaintiff's UCRA claim. ECF Doc. 31, Ruling on Plaintiff's

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES AND COSTS

MSJ; Hakimi Decl. ¶ 10. The Court granted injunctive relief for Plaintiff, requiring that Defendant "provide an accessible parking space and access aisle, an accessible route from the accessible parking space to the accessible building entrance, and proper signage directing individuals to the accessible entrance." *Id.*

Plaintiff's counsel has expended time and money in handling this case. In total, Plaintiff's attorneys have expended 75.2 hours to date in litigating this case in order to achieve the relief requested by Plaintiff. Hakimi Decl. ¶ 11, Ex. 1. As reflected in the billing statement, Plaintiff has incurred $3,185 in costs and $31,714 in attorneys' fees for a combined total of $34,899 in costs and fees. *Id.*

## III.  LEGAL ARGUMENT

Under the ADA, attorneys' fees are available to the prevailing party. 42 U.S.C. § 12205. The Supreme Court of the United States outlined the framework for calculating attorneys' fee awards, known as the lodestar approach, as follows: "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court may then consider adjusting the fee upward or downward based on the "results obtained." *Id.* at 434. The Ninth Circuit determined that the lodestar method is properly applied when a party obtains a default judgment with respect

to Americans with Disabilities Act violations. *Vogel v. Harbor Plaza Center*, 893 F.3d 1152, 1161 (9th Cir. 2018).

In these cases, it is inappropriate to use the default fee schedule under Central District of California Local Rule 55. Local Rule 55-3 provides that an attorney may submit a request that the Court award fees in excess of the default fee schedule. L.R. 55-3. If a party timely files a written request to have the fee fixed by the court, rather than by the default schedule, "the court is obligated to calculate a 'reasonable' fee in the usual manner, without using the fee schedule as a starting point."  *Vogel*, 893 F.3d at 1159. In similar cases involving UCRA damage awards, the Central District has awarded fees in excess of the rates set forth in the default schedule. *See Langer v. Elsinore Pioneer Lumber Co.*, 2015 WL 420177 at *5 (C.D. Cal. 2015); *Langer v. Rodriguez*, 2019 WL 1581408 at *5 (C.D. Cal. 2019); *Weekley v. Clem*, 2018 WL 6113076 at *2-3 (C.D. Cal. 2018).

The fee schedule under the Local Rules creates a proportionality rule between the damage recovery and the attorney fee award. The use of such a proportionality rule in civil rights cases has been expressly rejected by the Supreme Court. *See City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress'

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES AND COSTS

purpose….”). One federal court noted, “damages are not considered the primary purpose of California laws protecting physically disabled persons.” *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010). “If fees were limited by the amount of damages, no matter how meritorious the clients’ claims might be, attorneys simply would not take these cases. This would be contrary to legislative determinations that statutory attorney fees should encourage attorneys to represent disabled persons.” *Id.* In assessing a reasonable fee award in this case, the Court should consider the following circumstances and factors.

### A.      Plaintiff is the Prevailing Party

The ADA states that “in any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney’s fee, including litigation expenses, and costs….” 42 U.S.C. § 12205. Successful litigants are entitled to reasonable attorney fees “to ensure effective access to the judicial process for persons with civil rights grievances.” *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). “If successful plaintiffs were routinely forced to bear their own attorneys’ fees, few aggrieved parties would be in a position to advance the public interest by invoking the injunctive powers of the federal courts. Consequently, recovery is the rule rather than the exception.” *Jankey v. Poop Deck*, 537 F.3d 1122, 1131 (9th Cir. 2008) (internal citations omitted).

PLAINTIFF’S MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS’ FEES AND COSTS

Here, there can be no dispute that Plaintiff is the prevailing party. Plaintiff filed his Motion for Summary Judgment Against Defendant, seeking a judgment directing Defendants to provide ADA-compliant parking, routes of travel, and signage. *See* ECF Doc. 26-1, Plaintiff's Memorandum of Points and Authorities in Support of MSJ, at 23:21-24:21. The Court granted Plaintiff's MSJ and entered judgment, with injunctive relief requiring Defendants to provide ADA-compliant parking, paths of travel, and signage. ECF Doc. 31, Ruling on Plaintiff's MSJ.

**B.    The Hours Spent by Plaintiff's Attorneys Were Reasonable**

When calculating a reasonable fee award, Courts first examine the hours reasonably expended during the course of the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.*

In this case, Plaintiff's counsel expended a substantial amount of time litigating this case to obtain relief. Because this case did not resolve early, despite the clear violations on Defendant' s property, Plaintiff's counsel was required to engage in extensive litigation. Plaintiff prepared and met and conferred on discovery requests, conducted and prepared for a deposition, and drafted his MSJ in order resolve the case. Hakimi Decl. ¶¶ 5-9. As a result, Plaintiff's attorneys have expended 75.2 hours to date. *Id.* at ¶ 11. The hours expended, reflected in the billing statement filed concurrently herewith as Exhibit 1, were actual and non-

6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES AND COSTS

duplicative; and the billing statement reasonably apprises the Court of the nature

of the work on which the hours were spent. *See* Exh. 1, *Hensley v. Eckerhart*, 461

U.S. 424, 437 (1983).

### C.   Plaintiff's Attorneys' Hourly Rates Were/Are Reasonable

"[T]he established standard when determining a reasonable hourly rate is

the 'rate prevailing in the community for similar work performed by attorneys of

comparable skill, experience, and reputation.'"  *Camacho v. Bridgeport Fin., Inc.*,

523 F.3d 973, 979 (9th Cir. 2008). Reasonable rates are thus "to be calculated

according to the prevailing market rates in the relevant community, with close

attention paid to the fees charged by lawyers of reasonably comparable skill,

experience, and reputation."  *Californians for Disability Rights v. California Dep't*

*of Transp., No. C* 06-05125 SBA MEJ, 2010 WL 8746910, at *3 (N.D. Cal. Dec.

13, 2010) (report and recommendation adopted sub nom). When considering the

rates of other lawyers of comparable skill, experience, and reputation, courts

should look to the fees awarded in "other types of equally complex federal

litigation...." *Bernardi v. Yeutter*, 951 F.2d 971, 974 (9th Cir.1991), *citing*

*Hensley*, 461 U.S. at 430 n. 4. This standard applies regardless of whether the

attorneys claiming fees charge nothing for their services, charge at below-market

or discounted rates, represent the client on a contingent fee basis, or are in-house

counsel. *See Welch v. Metropolitan Life Ins.*, 480 F.3d 942, 946 (9th Cir. 2007).

7

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES AND COSTS

The rate charged by the attorneys in this case has been approved by multiple courts in the Central District, including in *James Shayler v. 450 E. Manchester Blvd., LLC et al*, Case No. 2:19-cv-10171-JAK-MRW, ECF No. 17; *William Berry v. L.S. Property Management LLC, et al*., Case No. 2:20-cv-00549-CJC-AFM, ECF Nos. 17, 18; and *Phillip Walker v. Konstantinos Politis, et al.*, Case No. 2:21-cv-01897-JFW-PD, ECF No. 23. Numerous (and a growing number of) courts within the Central District have been citing and relying on the Real Rate Report as a persuasive indicator of market rates. According to the Real Rate Report, the median hourly rate for partners in Los Angeles is $695. *See* P's Exh. 3, bates no. 007. For litigation partners in Los Angeles, the median hourly rate is $650. *Id.* at bates no. 013. Law firm partners in Los Angeles with less than 21 years of experience have a median hourly rate of $665. *Id.* at bates no. 019. Associates in Los Angeles with less than three years of experience have a median hourly rate of $450; and those with more than three years of experience charge hourly rates between $524-$573. *Id.* at bates no. 023.

Thus, Plaintiff's attorneys' requested hourly rates are arguably below market. Hakimi Decl. ¶¶ 12-15; P's Exh. 1 at 3-5. Mr. Hakimi's hourly rate of $495, Mr. Shahriari's hourly rate of $495, Ms. Steven's hourly rate of $425, and Mr. Wilson's hourly rate of $295 are certainly reasonable considering their experience and the market rates. *Id.*

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES ISO
MOTION FOR ATTORNEYS' FEES AND COSTS

**D.     Plaintiff is Entitled to the Full Amount of His Reasonable Attorneys' Fees Regardless of Whether He Retained His Attorneys on an Hourly, Contingency, or Pro Bono Basis**

Plaintiff's attorneys' fees in this case, as in almost all civil rights cases, were contingent upon Plaintiff prevailing. If Plaintiff had not prevailed, Plaintiff's counsel would not be compensated for the work they performed. "Plaintiff's counsel's work, done in the public interest on a contingent fee 'risk' basis, should be fully compensated." *See Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010). Plaintiff is not seeking an enhanced lodestar fee based upon a contingency fee agreement. *See Gates v. Deukmejian*, 987 F.2d 1392, 1403 (9th Cir. 1992) (a court "may enhance the fee above the 'lodestar' amount in order to reflect the fact that the party's attorneys were retained on a contingent-fee basis and thus assumed the risk of receiving no payment at all for their services"). Plaintiff is entitled to the full amount of the reasonable attorneys' fees incurred.

**E.     The Attorneys' Fees are Reasonable Given the Results Obtained**

In *Hensley v. Eckerhart*, 461 U.S. 424, the Supreme Court held that when "a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Here, while Plaintiff's UCRA claims were dismissed without prejudice to him pursuing

9

the claims in state court, he obtained relief for his federal ADA claim as requested in his MSJ. See Hakimi Decl. at ¶ 10; ECF Doc. 31, Ruling on Plaintiff's MSJ.

### F.      Plaintiff Also Seeks to Recover His Reasonable Litigation Costs

Plaintiff seeks $3,185 in costs. Plaintiff incurred typical costs for filing ($402), process service ($105), investigator ($240), CASp inspector ($1230), subpoena service ($120), deposition ($812), and chambers copies ($276). The ADA, Section 505, allows for recovery of "litigation expenses and costs," in any action. 28 C.F.R. § 36.505. Litigation expenses and costs can include investigator fees, such as expert witness fees. *See Hohlbein v. Utah Land Resources*, 432 Fed. Appx. 655, at *1 (9th Cir. 2011), *citing Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). Litigation expenses also include travel, preparation of exhibits, filing fees, and fees for service. *Whitbread v. Gadis Bar and Grill*, 2020 WL 5078813, *4 (C.D. Cal. 2020). Plaintiff submits that the costs sought are among the types of costs recoverable under the ADA.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his motion for attorneys' fees and costs, and award him a total of $34,899.

Dated:  August 30, 2021          THE LAW OFFICE OF HAKIMI & SHAHRIARI

By:  /s/ Anoush Hakimi
       Anoush Hakimi, Esq.
       Attorneys for Plaintiff James Shayler

10