1  Anoush Hakimi (SBN 228858)
2  anoush@handslawgroup.com
   Peter Shahriari (SBN 237074)
3  peter@handslawgroup.com
4  Laura Steven (SBN 332168)
   laura@handslawgroup.com
5  Kyle Wilson (SBN 323888)
6  kyle@handslawgroup.com
   **THE LAW OFFICE OF HAKIMI & SHAHRIARI**
7  1800 Vine Street
8  Los Angeles, CA 90028
   Telephone: (888) 635-2250
9  Facsimile: (213) 402-2170
10
11 Attorneys for Plaintiff,
   **JAMES SHAYLER**
12
13               **UNITED STATES DISTRICT COURT**
14              **CENTRAL DISTRICT OF CALIFORNIA**
15

| | |
|---|---|
| 16  JAMES SHAYLER, an individual, | Case No.: 2:20-cv-10751-GW-GJS |
| 17        Plaintiff, | Hon. George H. Wu |
| 18    v. | |
| 19  1310 PCH LLC, a California limited | **DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |
| 20  liability company; and DOES 1-10, | |
| 21 | |
| 22        Defendants. | Date:          September 30, 2021 |
| 23 | Time:          8:30 a.m. |
| 24 | Courtroom:  9D |
| 25 | |

26
27
28

1
DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

## DECLARATION OF ANOUSH HAKIMI

I, Anoush Hakimi, declare as follows:

1.     I am an attorney of law duly licensed to practice before all courts in the State of California and am admitted to practice in the United States District Court for the Central District of California.  I am the attorney of record for Plaintiff in the above-entitled proceedings.  I have knowledge of the matters contained herein and they are true and correct of my own personal knowledge, except for those matters stated upon information and belief, and as to those matters, I believe them to be true and correct.  If called and sworn as a witness, I could and would testify competently hereto.

2.     The Complaint was filed in federal court on November 25, 2020, asserting claims under the Americans with Disabilities Act of 1990 ("ADA"). and the Unruh Civil Rights Act ("UCRA") against 1310 PCH, LLC ("Defendant"). ECF Doc. 1, Complaint.

3.     The Proof of Service of Summons and Complaint for Defendant was filed on December 9, 2021.  ECF Doc. 9, Proof of Service.

4.     Defendant did not respond to the Complaint by December 24, 2020, as required and my office mailed a default warning to Defendant on December 28, 2020. Defendant filed its Answer to the Complaint on January 7, 2021. ECF Doc. 10, Answer.

2

DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

5.     Plaintiff served Interrogatories, Requests for Production of Documents, and Requests for Admissions on Defendant on February 4, 2021. Defendant did not respond to any of these requests, and on May 20, 2021, my office sent a meet and confer letter to Defendant to discuss these discovery disputes.

6.     On March 10, 2021, the parties entered into a joint stipulation allowing Plaintiff to file his First Amended Complaint to add recently discovered additional violations. ECF Doc. 16, Joint Stipulation. Plaintiff filed his First Amended Complaint on March 10, 2021. ECF Doc. 17, First Amended Complaint ("FAC"). Defendant filed its Answer to the FAC on April 21, 2021. ECF Doc. 18.

7.     Plaintiff took the deposition of Defendant's Person Most Knowledgeable Simon Hakakian on March 23, 2021. In addition to the time spent taking the deposition, my office spent several hours noticing the deposition, conferring with Defendant regarding dates, and preparing for the deposition.

8.     The parties attended a mediation session on July 8, 2021, in an attempt to resolve the case without further litigation. ECF. Doc. 24, Status Report. In preparation for the mediation, my office prepared a mediation brief and consulted with Plaintiff. Unfortunately, the parties were unable to reach a resolution at the mediation session. *Id.*

DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

9.      On July 16, 2021, Plaintiff filed his Motion for Summary Judgment against Defendant, seeking injunctive relief under the ADA and statutory damages under the UCRA. Doc. 26, Motion for Summary Judgment ("MSJ"). Defendant filed its Non-Opposition to Plaintiff's MSJ on July 23, 2021. ECF Doc. 28, Non-Opposition to MSJ. Plaintiff filed his Reply in Support of MSJ on July 30, 2021. ECF. Doc. 29, Reply in Support of MSJ.

10.      The Court issued an Order on August 16, 2021, granting Plaintiff's MSJ with respect to his ADA claims and clarifying that the Court had declined to exercise supplemental jurisdiction against Plaintiff's UCRA claims. ECF Doc. 31, Ruling on Plaintiff's MSJ. The Court granted injunctive relief in Plaintiff's favor, requiring that Defendant "provide an accessible parking space and access aisle, an accessible route from the accessible parking space to the accessible building entrance, and proper signage directing individuals to the accessible entrance." *Id.*

11.      Throughout the course of this litigation, the attorneys at my firm have made countless efforts to resolve this case. In each conversation, Plaintiff made a reasonable offer of settlement, and Defendant expressed no interest in resolution.

12.      My firm has expended time and money in handling this case.  Plaintiff's attorneys have expended 75.2 hours to date.  A true and correct copy of the applicable billing statement, which accurately reflects the time expended, work

DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

1  performed, and costs incurred in connection with this case, is filed concurrently

2  herewith as Plaintiff's Exhibit 1.  As reflected in the billing statement, the costs

3

4  incurred total $3,185; and the attorney fees incurred total $31,714; for a combined

5  total of $34,899 in fees and costs.

6

7  13.     My hourly billing rate is $495.  I graduated, *magna cum laude*, from

8  UCLA in 2000.  I graduated from UCLA School of Law in 2003.  I have been

9  practicing law since 2003, and am admitted to practice law in California, New

10

11  York, and Washington D.C. (inactive).  As reflected in the public record, I have

12  extensive experience and knowledge in the prosecution of disability access cases.

13

14  I have successfully prosecuted hundreds of disability access cases, wherein I have

15  achieved favorable outcomes for the plaintiffs.

16

17  14.     Mr. Shahriari's hourly billing rate is $495.  He graduated, *cum laude*, from

18  UCLA in 1999.  He graduated from UCLA School of Law in 2002.  He has been

19  practicing law since 2005, and is admitted to practice law in California.  As

20

21  reflected in the public record, he has extensive experience and knowledge in the

22  prosecution of disability access cases.  He has successfully prosecuted hundreds

23  of disability access cases, wherein he has achieved favorable outcomes for the

24

25  plaintiffs.

26  15.     Ms. Steven's hourly billing rate is $425.  She graduated, as an Honors

27

28  Scholar, from New York University in 2010.  She graduated from Brooklyn Law

5

DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS

School in 2013.  She has been practicing law since 2013, and is admitted to practice law in California, New York, New Jersey, and Pennsylvania.

16.     Mr. Wilson's hourly billing rate is $295. He graduated *cum laude* from UCLA in 2014. He graduated from Columbia Law School in 2018 as a Harlan Fiske Stone Scholar. He has been practicing law since 2019 and is admitted to practice law in California.

17.     Filed concurrently herewith as Plaintiff's <u>Exhibit 2</u> are true and correct copies of relevant pages of the Real Rate Report, which is often referenced by federal courts in the Central District in connection with attorney fee motions.

I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated:  August 30, 2021

*/s/ Anoush Hakimi*
Anoush Hakimi

6

DECLARATION OF ANOUSH HAKIMI IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEYS' FEES AND COSTS