**Jeffrey Bogert, Esq. [Bar No. 132778]**
**LAW OFFICE OF JEFFREY C. BOGERT**
827 Moraga Avenue
Los Angeles, CA 90049
Phone: (424) 293-2272
Email:  bogertlaw@outlook.com

**Attorneys for Defendant**
**1310 PCH LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER,<br><br>                          Plaintiff,<br><br>        vs.<br><br>1310 PCH LLC, a California Limited Liability Company; and DOES 1-10,<br><br>                          Defendants. | CASE NO:  2:20-cv-10751-GW-GJS<br><br>Judge: Hon. George H. Wu<br>Magistrate Judge: Hon. Gail J. Standish<br><br>**DEFENDANT 1310 PCH LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATION OF JEFFREY C. BOGERT; AND EXHBITS**<br><br>Date:          September 30, 2021<br>Time:          8:30 a.m.<br>Courtroom: 9D |

**TO THE COURT, PLAINTIFF AND HIS ATTORNEY OF RECORD:**

        Defendant 1310 PCH LLC ("Defendant") by and through their counsel of record, Jeffrey C. Bogert, Esq., hereby files this Opposition to Plaintiff's Motion for Attorneys' Fees and Costs.

1          This Opposition is made and based upon the papers and pleadings on file in

2    this action, the Memorandum of Points and Authorities, Declaration of Jeffrey C.

3    Bogert, and the Exhibits attached hereto and any other evidence that the Court deems

4    just and proper, and any arguments of counsel which may be heard at the time of the

5    hearing of the Motion, if any.

6

7    DATE:  September 13, 2021        **LAW OFFICES OF JEFFREY C. BOGERT**

8

9

10                     BY:   _/s/ Jeffrey C. Bogert_

11                            JEFFREY C. BOGERT, ESQ.

12                            Attorney for Defendant

13                            1310 PCH LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT 1310 PCH LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**
**2:20-cv-10751**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff filed their initial complaint on November 5, 2020. At Plaintiff's request, Defendant (as a courtesy), stipulated to allow Plaintiff to file a First Amended Complaint on March 10, 2021.

Plaintiff noticed the deposition of Defendant's Person Most Knowledgeable and that deposition went forward on March 23, 2021. At that deposition, Defendant's representative testified to having made, or making, all necessary repairs to cure Plaintiff's concerns.

Thereafter, on three separate occasions, prior to the filing of Plaintiff's Motion for Summary Judgment, Defendant offered to, and in fact stipulated to, making all necessary repairs to halt Plaintiff's billing train before "it left the station".

Plaintiff's counsel misunderstood the Court's ruling issued February 19, 2021 where the Court declined to exercise Unruh Jurisdiction. The Court's ruling left Plaintiff with only a claim for Injunctive Relief as of February 2021.

Plaintiff now requested fees and expenses of $34,899. That request boggles the mind. The billing statement is bereft with exaggeration, duplication, and fluff.

Further, as of Friday, September 10, 2021, Defense Counsel learned for the first time that Mr. Shayler and his present Counsel are the subject of a potential Court investigation for misrepresentation in Verified Complaints and Declarations prepared under penalty of perjury.

In addition, during this litigation, close to the Court's imposed discovery deadline, Plaintiff initiated an *Ex Parte* Application process for relief from discovery deadlines and sanctions against Defense counsel. That *Ex Parte* application process was a folly. Plaintiff's counsel billing for that folly and their request for this Court to reward their efforts is an insult to the process.

Plaintiff's counsel includes duplicated time for efforts time and time again.  That duplication will be more specifically identified below. Plaintiff's counsel also block bills where three, four, or five tasks are lumped together, without any articulation, makes it difficult to argue against the bills. What is clear is that this block billing process is utilized in every Shayler ADA case (and there are plenty) filed by Plaintiff's Firm.

Every Complaint for Mr. Shayler that Plaintiff's counsel has drafted is verbatim except for Defendant's name and the dates Mr. Shayler visited Defendant's business and/or property. Once the initial Complaint has been drafted, subsequent Complaints could seemingly be generated in less than fifteen minutes (Five such Complaints have been reviewed in conjunction with this Opposition). In essence, the same can be said for interrogatories, requests for production, requests for admission and a deposition notice with the production of documents. The only change made on those documents in Shayler case to Shayler case relates to the Defendant and an address. It is asserted that Discovery could be prepared and forwarded by a Paralegal in less than an hour.

In the present application, the initial six entries for Mr. Shahari total 6.1 hours. Immediately thereafter, Mr. Hakami reviews that work for another 1.1 hours and thereafter Mr. Shahari reviews his work, that has now been reviewed by Mr. Hakami, and finalizes the Complaint. He then himself files the proof of service at $495 per hour (administrative task, yes). To be clear, before Mr. Shayler's Complaint was filed in this case, the Firm had expended 9.2 hours at $495 per hour, or $4,544.

Defense Counsel has pulled from Pacer another Shayler Motion for Fees and it's no coincidence that the exact same seven entries for the exact same tasks and the exact same times are entered for these two lawyers. From there on out, there is continued duplication of tasks such as propounding of discovery, which is identical, in every ADA case filed by this Firm.

At the initiation of this ADA case, Plaintiff's counsel colloquially said, "Hey, just pay us $17,000 upfront and we'll stop", that is an insult to the profession. Their rates are inflated. Their tasks are inflated. The value of the information generated is inflated, and this Court should simply say "no."

Judge Gee recently reviewed a Motion for Fees ult in *Shayler vs. B-K Inglewood*, Case #2:20-cv-09172.  In that case, the bill (attached as Exhibit "1"), the first eight billing entries mirror the billing statement presently before this Court.  The rest of the work in *B-K Inglewood* involved Default, preparation of Default, review of rejected Default and regurgitation of same to the tune of $13,909.

Judge Gee in her wisdom, cut the requested fees to $5,677. The Court in a very specific ruling reduced the hourly rates and reduced the time concurrently. Judge Gee's Ruling (attached as Exhibit "2") is both informative and telling.

## II. LEGAL ARGUMENT

Defendant agrees that under the ADA rules, the prevailing party is allowed attorneys' fees and costs pursuant to 42 U.S.C. § 12205. However, it allows the Court to award attorneys fees in its discretion.

Defendant did not receive a pre-suit notice or an opportunity to remediate the ADA violations. But rather, Plaintiff filed a Complaint with boilerplate allegations. Plaintiff's counsel handles hundreds of ADA cases and their clients have multiple cases. This Court found Plaintiff to be a "high-frequency litigant" as stated in its *In Chambers – Scheduling Order* on February 19, 2021. Plaintiff's counsel is known as an "ADA Firm", and Defendant believes they have "boilerplate" templates for any document required and it is a "copy and paste" job, not requiring an exorbitant amount of time as stated by Plaintiff's counsel.

In the United States Court of Appeals for the Ninth Circuit, No. 19-56345, *Adam Ghadiri v. Carpet and Linoleum City* (hereinafter "*Ghadiri*"), Plaintiff's counsel requested $34,873.50 in attorneys' fees. The District Court awarded $15,000 in attorney's fees. Their decision was based on a "global view of reasonableness," after finding that their hourly rates and the hours it billed in the case to be unreasonable.

## A. DISCUSSION

### a. The "Billing Statement" is Hearsay and No Exception is Even Hinted at by Plaintiff's Counsel

In support of their fee demand, Plaintiff's attorneys submit a "Billing Statement as of Monday, August 30, 2021." (Exhibit 1 to their Motion). While Mr. Hakimi at least mentions the billing statement as being "a true copy" (Hakimi Decl., ¶12), he does not authenticate any of the entries. No declaration is provided by attorneys Shahriari, Steven, or Wilson as they are all silent as to the entire matter.

While there may be a temptation to look to any exception to the application of evidentiary rules, including those relating to hearsay (e.g., business records), there is <u>no</u> effort by Declarant to attest to the truthfulness of anything in that statement. To that point, the court's opinion in *Turgeon v. Ferris,* 2019 U.S. Dist. Lexis 42288 (18-cv-6827-PA(MRWx) comes squarely to mind.

> Plaintiff has provided no evidence of how much time he spent on any particular activity. Nor has Plaintiff's counsel supplied the Court with time records from which the Court could assess the reasonableness of the amount of time he spent on any particular task. Plaintiff's counsel has also not provided any evidence to support the hourly rate he seeks. (*Turgeon* at 2019 U.S. Dist. Lexis at *7)

b.  **Block Billing Should be Reduced**

"'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks' *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). As noted in *Welch*, "a report by the California State Bar's Committee on Mandatory Fee Arbitration … concluded that block billing 'may increase time by 10% to 30%.' See The State Bar of California Committee on Mandatory Fee Arbitration, Arbitration Advisory 03-01 (2003) ('Fee Report')." (480 F.3d at 948) The Ninth Circuit had no "quarrel with the district court's authority to reduce hours that are billed in block format." *Id.*

Block billing is especially pernicious because it allows the attorney to lump together time without allocating those tasks that are duplicative, excessive, or administrative. In *Forouzan v. BMW of N. Am., LLC*, 2019 U.S. Dist. LEXIS 40655, *13, this Court observed:

> Because the Court cannot discern from these entries whether the amount of time expended on each task was reasonable, the Court shall exclude 20% of those hours.

*Forouzan* at *13, citing *Pierce v. Cty. Of Orange*, 905 F.Supp.2d 1017, 1030-31 (C.D. Cal. 2012) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Plaintiff's attorneys had 62 billing entries for a total of 75.2 hours. Of those, a staggering 30.4 hours were block billed – 11 of 62 entries. The more egregious – those with time listed of more than 2 hours – are listed below.

| Date | ATTY | Time | Description |
|---|---|---|---|
| 11/19/2020 | PS | 3.6 | Review work product of investigator with regard to pre-filing land |

| Date | ATTY | Time | Description |
|---|---|---|---|
| | | | inspection; Review and identify particular code violations; Review and analysis of ADAAG regarding same to determine if barriers are violations; Prepare Complaint |
| 2/1/2021 | PS | 3.1 | Draft interrogatories, request for land inspection; requests for admission and initial disclosures; review and revise RFP's |
| 6/25/2021 | LS | 6.2 | Prepare ex parte application to enforce subpoena and for sanctions (2.1); declaration of Anoush Hakimi (0.9); proposed order (0.3); related review of file (1.3) and Magistrate Judge rules regarding ex parte applications (0.3) |
| 7/9/2021 | KW | 6.7 | Review file including deposition testimony and discovery responses, with documents produced, in preparation for drafting MSJ (3.2); draft proposed order/judgment re MSJ (0.4); draft declaration of Anoush Hakimi (1.3); draft notice of motion (0.4); draft declaration of James Shayler (1.4) |
| 7/11/2021 | KW | 5.3 | Draft declaration of John Battista (1.5); draft statement of uncontroverted facts (1.7); draft memorandum of points and authorities (2.1) |

It is impossible to determine whether the time spent was on an administrative task for which no fees should be awarded or duplicative or inefficient work.

c.  **Billings are Excessive and Inappropriate in Many Instances.**

Plaintiff's attorneys claim to be experts at their craft. How much time does it take such experts to get through the pleadings and to email defense counsel providing

8

a settlement proposal? For Plaintiff's attorneys, the answer (no pun intended) is a staggering 17.0 hours, which is excessive.

Plaintiff's attorneys billed 9.0 hours (as noted earlier) to the point of filing the Complaint in this action and more than 8.0 hours through the pleadings before making a settlement proposal.

| Date | ATTY | Time | Description |
|---|---|---|---|
| 10/28/2020 | PS | 0.4 | Speak with Client regarding allegations. |
| 10/28/2020 | PS | 0.6 | Research litigation, previous complaints, public resources regarding adverse action against defendant and tenant |
| 10/29/2020 | PS | 0.5 | Research online databases for financial background of owner, former ownership, other businesses owned by owner and nature of defendant's business operations and likely range of revenues |
| 10/30/2020 | PS | 0.6 | Review all data points and law regarding Plaintiff's complaint against 1310 PCH, LLC, including architectural barriers that he personally encountered and whether or not he desired to return if the barriers were removed |
| 11/03/2020 | PS | 0.4 | Advise investigator regarding scope pre-filing land inspection |
| 11/19/2020 | PS | 3.6 | Review work product of investigator with regard to pre-filing land inspection; review and identify particular code violations; review and analysis of ADAGG regarding same to determine if barriers are violations; prepare complaint |
| 11/23/2020 | AH | 1.1 | Review complaint; Review property records regarding ownership and responsible party |
| 11/25/2020 | PS | 1.8 | Finalize complaint and other lawsuit supporting documents; file lawsuit |

9

**DEFENDANT 1310 PCH LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**
**2:20-cv-10751**

| Date | ATTY | Time | Description |
|---|---|---|---|
| 12/09/2020 | PS | 0.2 | Review and file proof of service |
| 12/28/2020 | PS | 0.7 | Prepare and send default warning letter |
| 01/08/2021 | AH | 0.6 | Review and analysis of answer to complaint |
| 01/17/2021 | AH | 0.2 | Review court's order setting scheduling conference |
| 01/29/2021 | PS | 1.3 | Draft Rule 26 report |
| 02/01/2021 | PS | 0.5 | Telephonic early rule 26 meeting |
| 02/01/2021 | PS | 3.1 | Draft interrogatories, request for land inspection; requests for admission and initial disclosure; review and revise RFPs |
| 02/05/2021 | LS | 0.2 | Review and file Joint Rule 26(f) report |
| 02/19/2021 | AH | 0.4 | Receive and review order setting case management deadlines; calendar dates |
| 02/22/2021 | AH | 0.6 | Confer with investigator regarding issues for site inspection |
| 03/17/2021 | AH | 0.2 | Email to Counsel providing settlement proposal |

    d.  **Three different attorneys billed 4.5 hours for a preparing a subpoena and speaking with Defendant's tenant, Beach Cities Cleaners.**

        Defendant should not be held responsible for Plaintiff's counsels' time spent on the closed tenant Beach Cities Cleaners speaking to a different lawyer.

| Date | ATTY | Time | Description |
|---|---|---|---|
| 04/27/2021 | AH | 0.7 | Prepare subpoena for depositions of tenant and request for production of documents |
| 05/24/2021 | PS | 0.4 | Call with Beach Cities Cleaners tenant regarding deposition |

| Date | ATTY | Time | Description |
|------|------|------|-------------|
| 06/02/2021 | PS | 0.4 | Email exchange with counsel for tenant, Beach Cities Cleaners |
| 06/10/2021 | PS | 0.5 | Call with attorney for Beach Cities Cleaners |
| 06/14/2021 | AH | 0.4 | Prepare subpoena for land inspection of Beach Cities Cleaners |
| 06/14/2021 | KW | 1.5 | Prepare draft declaration of representative for Beach Cities Cleaners in lieu of deposition pursuant to discussion with opposing counsel |
| 06/17/2021 | AH | .4 | Review draft declaration of representative for Beach Cities Cleaner in lieu of deposition; email same to counsel for Beach Cities Cleaners |

e. **After Defendant agreed to resolve the issues in Plaintiff's Amended Complaint so no more time and Expense is incurred, Plaintiff billed $4,321.**

Plaintiff subpoenaed two additional PMK depositions. After the Defense attorney indicated on June 8, 2021 that those two individuals did not have any information regarding the structure, handicapped parking, striping, or signage; Plaintiff's counsel continued to pursue the subpoenas spending thousands of dollars are efforts that led nowhere.

| Date | ATTY | Time | Description |
|------|------|------|-------------|
| 06/15/2021 | AH | 0.3 | Receive and review objections to the subpoenas of R. Hakakian and M. Refoua. |
| 06/24/2021 | LS | 0.3 | Email exchange with Defendant's counsel confirming CASp inspector may access entirety of property |

Further, during this litigation, close to the Court's imposed discovery deadline, Plaintiff initiated an *Ex Parte* Application process for relief from discovery deadlines and sanctions against Defense counsel. That *Ex Parte* application process was a folly. Plaintiff's counsel billing for that folly and their request for this Court to reward their efforts is an insult to the process.

| Date | ATTY | Time | Description |
|------|------|------|-------------|
| 06/24/2021 | AK | 1.1 | Numerous additional emails and related exchange regarding CASp inspector access to entirety of property and ex parte motion |
| 4406/25/2021 | LS | 6.2 | Prepare ex parte application to enforce subpoena and for sanctions (2.1); declaration of Anoush Hakimi (0.9); proposed order (0.3); related review of file (1.3); and Magistrate Judge rules regarding ex parte applications (0.3) |
| 06/25/2021 | AH | 0.4 | Review and finalize ex parte application and supporting documentation |
| 06/28/2021 | AH | 0.3 | Receive and review email exchange between Magistrate Judge Standish's chambers and Defendant's counsel. |
| 06/28/2021 | AH | 0.4 | Receive and review Defendant's objection to ex parte application |
| 06/28/2021 | AH | 0.3 | Receive and review ruling on ex parte application |
| 06/29/2021 | LS | 0.4 | Confer with CASp inspector regarding scope of inspection |

## III.   CONCLUSION

The Court after review of the above, is asked to apply some sense of "common sense", reasonableness of use and need for work product, strike duplication and exasperation, and incorporate further adjustments to time and billings as articulated in the attached Declaration. And issue an award in line with all of the above. Respectfully submitted this 14th day of September, 2021.


DATE:  September 14, 2021     **LAW OFFICES OF JEFFREY C. BOGERT**


BY:   _/s/ Jeffrey C. Bogert_
        JEFFREY C. BOGERT, ESQ.
        Attorney for Defendant
        1310 PCH LLC