JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10751-GW-GJSx | Date | September 30, 2021 |
|---|---|---|---|
| Title | *James Shayler v. 1310 PCH LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Terri A. Hourigan | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Anoush Hakimi | Jeffrey C. Bogert |

**PROCEEDINGS:** TELEPHONIC HEARING ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS [33]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's motion for attorney's fees and costs is GRANTED. The Court awards $9,851 ($7,896 in attorney's fees and $1,955 in costs). Payment will be made to Plaintiff within two weeks from the date of this order.

: 20

Initials of Preparer   JG

<u>*James Shayler v. 1310 PCH LLC*</u>; Case No. 2:20-cv-10751-GW-(GJSx)
Tentative Ruling on Plaintiff's Motion for Attorney's fees

I. **Background**

Plaintiff James Shayler sued Defendant 1310 PCH LLC for violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq*., and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq*. ("Unruh Act"). *See* First Amended Complaint ("FAC") ¶¶ 32-58, ECF No. 17. Shayler seeks: (1) injunctive relief, (2) damages under the Unruh Act, and (3) reasonable attorney fees and costs. Earlier on in this case, the Court found Plaintiff Shayler to be a "high-frequency litigant" under Cal. Civ. Proc. Code § 425.55(b)(1) and declined to exercise supplemental jurisdiction over the Unruh Act cause of action.[1] *See* ECF No. 15. The Court subsequently granted Shayler's unopposed[2] motion for summary judgment where the Court declined to award statutory damages under the Unruh Act (given that it had already elected not to exercise supplemental jurisdiction over that cause of action) but granted an injunction under the ADA ordering Defendant to provide an accessible parking space and access aisle, an accessible route from the accessible parking space to the accessible building entrance, and proper signage directing individuals to the accessible entrance. *See* Ruling on Plaintiff's Motion for Summary Judgment ("Ruling") at 4-5, ECF No. 31.

Before the Court is Shayler's motion for attorney's fees and costs. *See generally* Plaintiff's Motion for Attorney's fees and Costs ("Mot" or "Motion"), ECF No. 33. Defendant has submitted an Opposition ("Opp."). *See* Defendant's Opposition to Plaintiff's Motion for Attorney's fees and Costs, ECF No. 35. Plaintiff has submitted a Reply. *See* Plaintiff's Reply in Support of Motion for Attorney's fees and Costs, ECF No. 36.

II. **Legal Standard**

Title III of the ADA permits an award of attorney's fees to the prevailing party. *See* 42 U.S.C. § 12205 ("[T]he court . . . , in its discretion, may allow the prevailing party . . . a reasonable

---

[1] The Court also noted at that time that "these ADA access cases normally do not raise very many issues of fact or law and are usually resolved within a relatively short period of time." *See* ECF No. 15.
  Inexplicably, after this Court ruled that it would not exercise supplemental jurisdiction over Shayler's state Unruh Act cause of action, Plaintiff filed the FAC which retained the Unruh Act claim. *See* ECF No. 17.

[2] Defendant did file a "Conditional Non-Opposition to Plaintiff's Motion for Summary Judgment" ("MSJ Non-Opp.," *see* ECF No. 28), wherein it indicated that it had previously agreed to resolve all barrier issues and that the motion for summary judgment was totally unnecessary. *Id.* at 2.

attorney's fee, including litigation expenses, and costs"). An award is only possible after "a court-ordered change in the legal relationship between the plaintiff and the defendant." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 604 (2001) (quotation and alterations omitted).

When calculating the amount of attorney fees to be awarded in an ADA litigation, the district court applies the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate. *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158-59 (9th Cir. 2018). As observed by the Ninth Circuit,

> We emphasize that the lodestar amount is calculated by multiplying "the number of hours *reasonably* expended on the litigation by a *reasonable* hourly rate." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (per curiam) (alteration omitted) (emphases added) (quoting *Hensley*, 462 U.S. at 433). In calculating the lodestar, district courts "have a *duty* to ensure that claims for attorneys' fees are reasonable," *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1265, 303 U.S. App. D.C. 94 (D.C. Cir. 1993) (emphasis added), and a district court does not discharge that duty simply by taking at face value the word of the prevailing party's lawyer for the number of hours expended on the case, *Gates v. Deukmejian*, 987 F.2d 1392, 1398-99 (9th Cir. 1993). Rather, a district court must "ensure that the winning attorneys have exercised 'billing judgment.'" *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). In a contested case, a district court ordinarily can rely on the losing party to aid the court in its duty by vigorously disputing any seemingly excessive fee requests.

*Id.* at 1160.

The reasonableness of an hourly rate is assessed by reference to the comparable legal services in the community generally. *See Housing Works v. County of Los Angeles*, No. CV 15-8982-GW-(RAOx), 2018 WL 11309909, at *4 (C.D. Cal. July 12, 2018). Once a lodestar is calculated, it may be adjusted by the court based on factors including: "(1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 869 (9th Cir. 2014) (citing *Quesada v. Thomason*, 850 F.2d 537, 539 (9th Cir. 1988)). However, a court "is not *required* to include a fee enhancement to the basic lodestar figure," *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001)

(emphasis in original); indeed, the Supreme Court has observed that "although we have never sustained an enhancement of a lodestar amount for performance, . . . we have repeatedly said that enhancements may be awarded in "'rare'" and "'exceptional'" circumstances." *Perdue v. Kenny A*, 559 U.S. 542, 552 (2010) (citations omitted). Moreover, a court in the appropriate situation can apply a negative multiplier to the lodestar. *See, e.g., Martinez v. Longs Drugs Store, Inc.*, No. CIVS031843DFLCMK, 2005 WL 3287233, at *4 (E.D. Cal. 2005).

### III. Discussion

Plaintiff Shayler seeks $31,714 in attorney's fees and $3,185 in litigation costs/expenses for a total award of $34,899. *See* Mot. at 3. The Court finds that this is an excessive request for fees and costs. The Court initially notes that this action is a very simple and typical ADA access case, which was not heavily contested. In fact, Defendant appears to have conceded liability in early June 2021 (prior to the motion for summary judgment) and merely filed a non-opposition to that motion. *See* ECF No. 28.

In order to determine a reasonable award of attorney's fees, the Court begins by reviewing the calculation of the lodestar based on a "careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case." *See Ketchum*, 24 Cal. 4th at 1131; *accord Vogel*, 893 F.3d at 1160.

The lodestar calculations for Plaintiff's counsel are summarized in the table below:

| Attorney | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| Anoush Hakimi | 13.6 | $495 | $8,216 |
| Peter Shahriari | 16.6 | $495 | $6,732 |
| Laura Steven | 26.2 | $425 | $11,135 |
| Kyle Wilson | 18.8 | $295 | $5546 |
| | 75.2 | | $31,630[3] |

*See* Declaration of Anoush Hakimi ("Hakimi Decl."), Exh. 1, ECF No. 33-4.

First, the Court considers whether the rates are reasonable. The billing records reflect that Hakimi and Shahriari billed a combined 30.2 hours at $495 per hour. Each has been practicing law for nearly twenty years. Steven billed 26.2 hours at $425 per hour and has just over a decade

---

[3] The total sum differs slightly than the calculation offered by Plaintiff. The discrepancy appears to stem from a time entry from Laura Steven that is billed at $495 instead of $425. *See* Hakimi Decl., Exh. 1 at 8 of 8.

of experience practicing law.  Wilson billed 18.8 hours at $295 per hour and has been practicing law for just a few years.  In support of their proffered rates, Plaintiff cites to the Real Rate Report and argues that their rates are actually below market for litigation partners in Los Angeles.  Mot. at 8; Hakimi Decl. ¶¶ 12-17, Exh. 2.

The Court disagrees and finds that these relatively straightforward ADA actions often include boilerplate filings and rarely involve complex legal issues or any difficult factual discovery.[4]  Plaintiff's counsel appear to involve two partner-level attorneys for tasks that could have been performed by paralegals or low level associates at substantially lower rates and reviewed by an attorney.  This Court elects to join several other courts in the Central District by adopting a blended rate of $300 that is more commensurate with the complexity level of these ADA cases.  *See, e.g., Jones v. Islam*, No. 20-CV-11038-JLS-JPR, 2021 WL 3472860, at *8 (C.D. Cal. July 7, 2021) (adopting $300 blended rate); *Langer v. Kha Dinh Nguyen*, No. 19-CV-00294-JLS-KES, 2019 WL 7900270, at *6-7 (C.D. Cal. Nov. 27, 2019) ($300 blended rate); *Machowski v. JACMAR PARTNERS III*, No. 21-CV-00135-CJC-JDE, 2021 WL 2980223, at *2 (C.D. Cal. May 27, 2021) (same).

Second, the Court considers whether the claimed number of hours were reasonably expended.  The Court finds that Plaintiff's counsel have devoted an unreasonable amount of time on several tasks that should have been done more efficiently given Plaintiff's experience prosecuting similar ADA cases.  For example, according to the provided billing records, Plaintiff's counsel spent nearly 9 hours before filing the Complaint, which the Court finds excessive considering how often Plaintiff's counsel files nearly identical complaints and the formulaic nature of the filings for Shayler which Plaintiff's counsel has previously represented in scores of ADA cases.  The Court elects to subtract 5 hours from the 9 hours billed before filing the Complaint.  The Court also subtracts the 4 hours billed for time spent interacting with Defendant's tenant (Beach Cities Cleaners) and its attorney as it is unclear why Defendant is responsible for those fees.  *See* Opp. at 10-11.  The Court notes that Plaintiff also billed nearly 17 hours in preparing his motion for summary judgment and nearly 7 hours after finding that Defendant was not opposing

---

[4] Most of the accessibility requirements under Title III of the ADA are set forth with a fair degree of precision in the Department of Justice's Standards for Accessible Design and concomitant regulations.  *See generally Lindsay v. Starbucks Corp.* 815 F. App'x 152, 153-54 (9th Cir. 2020); *Kong v. Shirazi-Fard*, 807 F. App'x 692 (9th Cir. 2020). Hence, in a vast majority of the present type of Title III ADA cases, the principal issue will simply be whether there is some aspect of the defendant's premises which fails to meet one or more of the delineated standards.

the motion. It would appear to the Court that, had Plaintiff's counsel reasonably discussed the situation with Defendant's counsel after the latter's June 8 communication, a resolution as to the liability issue could have been achieved which would have rendered the summary judgment unnecessary.[5] Thus, the Court questions the amount of time devoted to an unopposed motion for summary judgment and, indeed, its necessity.

Additionally, the Court finds that Plaintiff's counsel engaged in certain litigation efforts that were either simply wrong or highly questionable. For example, even after the Court indicated that it was not exercising supplemental jurisdcition over Shayler's Unruh Act claim, Plaintiff's counsel still included that cause of action in the FAC and attempted to pursue it.[6] Further, Plaintiff's counsel filed an ex parte application to enforce a subpoena to inspect the premises which was denied as untimely and it was also held that the "application is meritless." *See* ECF No. 21.

Finally, the Court notes that the present request for fees is surprisingly high considering the relatively straightforward nature of this matter and awarded fees for comparable actions. The Court does not find that this lawsuit involved any complex legal or factual issues, nor did it require extraordinary effort or skill on the part of Plaintiff's counsel. Furthermore, 47.8 hours or nearly two-thirds of the recorded fee hours were recorded after June 8, 2021, or after the email from Defendant informing Plaintiff that they agreed to resolve the identified issues while minimizing expenses. *See* MSJ Non-Opp., Exh. A. In order to reflect the relatively straightforward and repetitive nature of these ADA actions, the fact that Plaintiff's counsel recorded most of their hours after Defendant admitted fault and sought to minimize cost, and the number of litigation efforts of counsel which were (as noted above) simply wrong or unnecessary (and which constititute a majority of Plaintiff's counsel's efforts), the Court applies a downward 65% multiplier to the requests for fees. Thus, the final award for attorney's fees, incorporating the blended rate of $300 and the 65% downward multiplier, would be $7,896 (75.2 hours x $300 blended rate = $22,560 x .35 downward multiplier = $7,896).

Plaintiff also makes a request for $3,185 in costs. Plaintiff submit that they incurred typical costs for filing ($402), process service ($105), an investigator ($240), a Certified Access Specialist

---

[5] In this Court's experience, it is common for litigants in ADA access cases to resolve the liability and injunctive relief issues between themselves and thereafter return to the Court for a ruling on attorney's fees and costs if they cannot reach an agreement on the latter.

[6] As stated in the motion for summary judgment, Shayler was seeking "statutory damages" under the Unruh Act in the amount of $16,000.

("CASp") inspector ($1230), subpoena service ($120), deposition ($812), and chamber copies ($276). The Court rejects the costs for the CASp inspector. Plaintiff has not submitted a bill/invoice from the CASp. Further, it is unclear as to the need/necessity for the CASp, especially when Plaintiff already had an investigator examining the premises. The remaining costs appear reasonable, so the Court would award $1,955 in costs.

## IV. Conclusion

Based on the foregoing discussion, Plaintiff's motion for attorney's fees and costs is **GRANTED**. The Court awards $9,851 ($7,896 in attorney's fees and $1,955 in costs).